ADOLPH H. GOETTING, as Commissioner of Public Charities of the City of New York, Appellant, v. MICHAEL NORMOYLE et al., Respondents.

1. DISORDERLY PERSON — CONVICTION AS, UNDER NEW YORK CITY CHARTER (§§ 685, 686), ANALOGOUS TO CONVICTION UNDER CODE CRIM. PRO. (§§ 899–901) — BONDS UNDER BOTH STATUTES SIMILARLY CONSTRUED. Under the provisions of sections 685 and 686 of the charter of the city of New York (L. 1901, ch. 466), providing for the arrest of every person "who actually abandons his wife or children without adequate support or leaves them in danger of becoming a burden upon the public, or who neglects to provide for them according to his means * * *," and that, upon conviction of any such person, he be required to give a bond to the People conditioned upon his paying "weekly, for the space of one year, such sum for the support of the wife or children, as has been ordered" by the magistrate, "to the commissioner of public charities," a conviction of a person is of being "a disorderly person," and is analogous to one under sections 899 to 901 of the Code of Criminal Procedure, providing for arrests in similar cases and directing that upon conviction a bond be required. Although the statutory provisions differ somewhat in their language referring to the bond, that difference is not sufficient to justify the conclusion that, while under the Code the bond is one of indemnity, it is not such under the charter. The bond provided for in the charter is one of indemnity, and under either statutory provision the conviction of a defendant as a disorderly person is based upon the fact that by reason of his conduct there is danger of his wife and children "becoming a burden upon the public," and the bond under either provision is to secure their support in order that they shall not become a public charge.

2. SAME — ACTION FOR BREACH OF CONDITION OF BOND GIVEN UNDER CHARTER — EVIDENCE REQUIRED TO ESTABLISH BREACH THEREOF. Where, therefore, an action is brought by the commissioner of public charities of the city of New York upon a bond given by the defendant, upon his conviction, under the provisions of the charter, as a disorderly person, a breach thereof must be established by evidence that the defendant has continued to neglect his marital and parental duties and that the support of his family has, in fact, been a charge upon the public treasury.

*Goetting* v. *Normoyle,* 119 App. Div. 143, affirmed.

(Argued February 19, 1908; decided March 10, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 22, 1907, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel (Theodore Connoly* and *Herman Stiefel* of counsel), for appellant. A bond given in the city of New York under section 686 of the Greater New York charter, upon conviction of a defendant for abandonment under section. 685 of the same, compels payment absolutely according to the order of the city magistrate, and is not intended to provide for indemnity only, whereas the undertaking required to be given under section 901 of the Code of Criminal Procedure is one to indemnify a county, city, village or town against abandoned wives or children becoming chargeable upon the public. (*People ex rel. Commr.* v. *Benson,* 63 App. Div. 142 ; *People* v. *Ehrsam,* 41 N. Y. S. R. 624; *Keller* v. *Foleron,* 36 Misc. Rep. 534.)

*C. A. Burgess* for respondents. The burden is with the plaintiff to establish a breach of the condition of the bond. The conviction had before the bond was made furnishes no evidence for that purpose. (Code Crim. Pro. § 899 ; *Bruchil* v. *Powles,* 39 N. Y. S. R. 857.)

GRAY, J. This action was brought by the plaintiff upon a bond in the sum of $780, given to the People by the defend-

ant, Michael Normoyle, upon his conviction as a disorderly person, in having failed to provide for his wife and children; which bound him to pay to the commissioner of public charities, weekly, the sum of $15 for their support. The plaintiff alleged the failure to make these payments for fifty-two weeks and demanded judgment for the amount of the bond. The defendants' answer, while admitting the conviction, the giving of the bond and the failure to make the weekly payments, alleged that he was, at all times, willing and ready to support his wife, " provided she would live with him; " that his children were adults; that his wife " was not a charge upon the county of Queens during said times; " that she " was amply provided for during said term and that there is no money due upon said bond to the plaintiff." When the case came on for trial, the plaintiff offered no evidence, but moved for judgment upon the pleadings; which motion was granted. The judgment thereupon entered has been reversed by the Appellate Division and a new trial ordered.

I think the reversal was right. The conviction was had and the bond was given pursuant to the provisions of sections 685 and 686 of the " Greater New York charter." Section 685 provides for the arrest and conviction of " every person in the City of New York * * * *who actually abandons his wife or children without adequate support, or leaves them in danger of becoming a burden upon the public, or who neglects to provide for them according to his means, or who threatens to run away and leave his wife and childen a burden upon the public.*" Section 686 provides for the giving of a bond to the People, by the person convicted of any of these offenses, in the sum directed by the magistrate, conditioned for paying " weekly, for the space of one year, such sum *for the support of the wife or children* * * * as has been ordered as aforesaid, to the commissioner of public charities." The conviction of a person, under these charter provisions, is of being " a disorderly person," (sec. 686), and is analogous to that provided for in sections 899 to 901 of the Code of Criminal Procedure. The statutory provisions differ somewhat in their language in

referring to the bond. Under the Criminal Code the bond must provide that the defendant "*will support his wife and children, and will indemnify the county, city, village, or town, against their becoming, within one year, chargeable upon the public,* * * * *or that the sureties will pay the sum mentioned in the undertaking, and which must be fixed by the magistrate.*" Upon this difference in the bond, resulting upon a conviction under the charter, or Code, provisions, is predicated the argument that, while under the Code the bond is one of indemnity, it is not such under the charter. I fail to perceive this distinction and a careful consideration of the consequences should make it clear that none exists. Under either statutory provision, the conviction of a defendant as a disorderly person is based upon this, that, by reason of his conduct, there is danger of his wife and children "becoming a burden upon the public," and the bond, under either provision, is to secure their support in order that they shall not become a public charge. That the charter provision is "summary, highly penal and should be strictly construed" has been twice declared by this court in *People* v. *Pettit*, (74 N. Y. at p. 324), and in *People ex rel. Commissioners, etc.*, v. *Cullen*, (153 N. Y. at p. 635). In *Pettit's* case the conviction was of neglecting to support wife and children, under a substantially similar provision of the Revised Statutes, (1 R. S. 738), and the action was brought upon the defendant's bond. It was held that "to maintain the action it was incumbent upon the plaintiff to establish that a breach had occurred, viz.: that, subsequent to the giving of the bond, the defendant Pettit had been guilty of neglecting to support his wife and children," and, further, it was, pertinently, observed that "the conviction," (*i. e.* of being the disorderly person, etc.), "was not evidence of a subsequent breach of the condition of the recognizance." In *Cullen's* case the conviction was had under sections 1454 and 1455 of the New York City Consolidation Act, which those of the Greater New York charter re-enact. But if the statute is to be strictly construed, then it must follow, as it seems to me, that, as the bond is to prevent the defendant's family from

"becoming a burden upon the public," a breach must be established on his part by evidence that he has continued to neglect his marital duties and that the support of his family had, in fact, been a charge upon the public treasury. That the city charter differs in its language upon the subject from that of the Criminal Code, in the matter of characterizing the bond as one of indemnity, is of no especial significance and furnishes no reason for a different construction. Intended as a complete system of local government, the charter may contain many provisions similar to those in the general statutes of the state, which are intended for operation in the various political subdivisions. In their construction no different effect should be given, unless required by obviously differing conditions. There is no logical reason for construing the bond provided for in the charter differently from that provided for in the Criminal Code. The Code declares it to be one of indemnity. It clearly must be such, when we perceive the legislative intent to be that of preventing a man's family from being a public charge, in a case where he is legally bound, and is presumed to be able, to provide for their support. The legislature might have visited the offense with the punishment of an imprisonment, or of a fine; but it did neither. It required the offender to be put under bond for better behavior in the discharge of his duties, marital and parental.

In this case, the defendant was convicted of "being a disorderly person in having failed to provide according to his means for his wife and children, who were in danger of becoming a burden upon the public," and his bond was conditioned for their support for the space of one year. The defendant's answer, made to the plaintiff's allegations of those facts as furnishing the cause of action, contained no denial of his duties; but averred that his children were adults, that his wife was "amply provided for" and that she "was not a charge upon the county during the term." If that was true, where was his breach of obligation and what was the right of the commissioner of public charities to demand the payment

of the bond? If the wife and children did not need support and the county was not at expense on their account, was the public treasury to benefit by this additional revenue? Shall we say that a person's property may be confiscated in that manner? To require the defendant to give a bond to the People of the state was not the equivalent of a fine imposed upon him as a punishment. And, certainly, the legislative intent, in enacting the provisions, could not have been to enforce the performance of marital obligations and duties, beyond what was necessary to protect the community against the unnecessary imposition of the support of a man's wife and children. The state, in the exercise of its power to regulate the domestic relations of the organized society, may, undoubtedly, provide for the enforcement of the marital duties and obligations, as between husband and wife, or as to third persons. Such enforcement, however, will be, ordinarily, by a civil action. When the legislature makes it an offense on the part of a man to fail to provide for the support of his wife and children and, in providing for a summary trial before a magistrate, prescribes that his judgment upon conviction shall be to compel the defendant to give a bond to the People of the state, with sureties, conditioned for the payment of a certain sum for the support of his family for a specified term, the penalty affixed to the offense is the compulsory execution of the undertaking securing the community against its repetition and the resultant consequences.

I think the plaintiff was bound to prove, upon the issue tendered, that the defendant's family had been left without support, or such members of the family as came within the purview of the statute, and that they had been supported, wholly, or to some extent, at the public expense, within the holding in *People* v. *Pettit, (supra)*. That would be a breach of the defendant's undertaking and it was readily susceptible of proof. To hold otherwise, in my opinion, involves the illogical proposition that his previous conviction was evidence of his breach of the condition of his subsequent undertaking.

For these reasons, I think that the order of the Appellate

Division was right and, therefore, under the plaintiff's stipulation, that judgment absolute should be ordered in favor of the respondents, with costs in all the courts.

CULLEN, Ch. J. (dissenting). The complaint alleged that on the 21st of February, 1901, the defendant, Michael Normoyle, was, under the provisions of sections 685 and 686 of the Greater New York charter (L. 1901, ch. 466), convicted of having failed to provide for his wife and children according to his means and was ordered by said magistrate to pay the sum of fifteen dollars a week for their support; and that upon said conviction, in pursuance of the requirements of law, the said defendant, as principal, with his co-defendant, Bridget Lillis, as surety, entered into a bond to the people of the city of New York in the penal sum of seven hundred and eighty dollars, conditioned for the payment of said weekly sum to the commissioner of charities during each and every week for the space of one year after said conviction. The complaint further alleged that said defendant Normoyle failed to comply with the conditions of said bond making said weekly payments. Judgment was demanded for the penalty of the bond. The answer of the defendants did not deny any of these allegations of the complaint, but set up as an affirmative defense that the defendant Normoyle was at all times ready and willing to support his wife provided she would live with him; that said wife and children were not a charge upon the county of Queens during the period covered by said bond and that they had been amply provided for. On the trial of the action neither of the parties offered any evidence and the plaintiff was awarded judgment on the ground that the answer stated no defense. The judgment was reversed by the Appellate Division of the Supreme Court and an appeal is now taken to this court.

The learned Appellate Division based its decision on the theory that the bond executed by the defendant was simply one of indemnity to the county against the wife and children becoming a public charge and cited *People* v. *Pettit* (74

N. Y. 320) as an authority for that position. We think this view was erroneous. There is a marked distinction between the provisions of the New York charter and those of the Code of Criminal Procedure as to disorderly persons. Under section 901 of that Code on the conviction of a disorderly person the magistrate may order him to give a bond conditioned that for the term of one year "he will support his wife and children, and will indemnify the county, city, village, or town, against their becoming, within one year, chargeable upon the public." The condition of the bond is to the same effect. (Section 902.) The decision of this court in *People* v. *Pettit* was made in an action on a bond given under the provisions of the Revised Statutes of which the sections cited from the Code are substantially re-enactments. But the provisions of the New York charter are different in their character and extend beyond those of the Criminal Code. Section 685 enacts that every person in the city of New York "who actually abandons his wife or children without adequate support, or leaves them in danger of becoming a burden upon the public, *or who neglects to provide for them according to his means*," etc., may be arrested and brought before the magistrate; and that on conviction of the charge the magistrate shall make an order specifying a reasonable sum of money to he paid weekly for the space of one year thereafter by such defendant to the commissioner of public charities for the support of the wife and children. Section 686 requires the person so convicted to execute a bond with sureties conditioned "that such person will pay weekly for the space of one year such sum for the support of the wife or children or either or any of them, as has been ordered as aforesaid, to the commissioner of public charities." Section 688 enacts that when such an undertaking is forfeited an action may be brought thereon by the commissioner of public charities to recover the amount specified in the undertaking and that "the amount recovered in said action shall be applied and expended for the support of the wife or children or either or any of them." All that was decided in the *Pettit* case is that as the defendant offered

and was willing to care and maintain for his wife if she would live with him, which she, without sufficient cause, refused to do, there was no breach of the condition of the bond. I do not think the case is authority for the proposition that the bond is one simply of indemnity to the public. Assuming, however, such to be the case, it is apparent that by the provisions of the New York charter cited the proceedings taken thereunder are not so limited in their purpose nor in their effect. The intention was not only to indemnify the public, but also to secure proper support for the wife, and the magistrate is required to determine what weekly sum is sufficient for such support. On receiving the weekly payment so ordered or the amount recovered on the bond, in case of a breach, the commissioner of charities is required to apply the same to the support of the wife. It is evident, therefore, that to secure the proper support of the wife and children is the dominant feature of the proceedings.

That there was a breach of the terms of the bond the answer concedes. If the view which we have expressed is correct the fact that the county had not been put to the expense of her support is immaterial, as is also the allegation that the wife was amply provided for during the period covered by the bond, as there is no pretense that it was the defendant who provided for her during such time. The allegation that the husband was willing to support his wife according to his means if she would live with him is insufficient as a defense. Otherwise the husband can, at his pleasure, disregard the order of the magistrate that he shall weekly apply a specified sum for the wife's support, and thus the provisions of the charter in this respect will be virtually abrogated. Had the answer stated that the husband in fact had, during the period covered by the bond, supported and maintained his wife satisfactorily to her, that would have been a good defense to the plaintiff's claim, because the primary obligation of the bond being the support of the wife, it was within her power to accept in satisfaction of that obligation such support as she deemed

sufficient. But less than this we think does not constitute a good defense.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

VANN, WERNER and HISCOCK, JJ., concur with GRAY, J.; HAIGHT and WILLARD BARTLETT, JJ., concur with CULLEN, Ch. J.

Ordered accordingly.