HEBBERD, Commissioner of Public Charities, v. LEVIN et al.

(Supreme Court, Appellate Term.   July 1, 1910.)

HUSBAND AND WIFE (§ 319*)—ABANDONMENT—BOND FOR SUPPORT—NATURE —STATUTES—CONSTRUCTION.

In view of Laws 1908, c. 357, amending Greater New York Charter (Laws 1901, c. 466) § 687, relating to actions on bonds given by husbands for the support of abandoned wives, etc., which amendment specifically provides that the city need not prove that it has been put to a loss, but the mere nonpayment of the amount specified in the bond shall be a breach, and the measure of damages shall be the amount unpaid, the bond calls for a fixed payment, rather than an indemnity.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1115; Dec. Dig. § 319.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Robert W. Hebberd, Commissioner of Public Charities of the City of New York, against Louis H. Levin and another.   Judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Louis H. Levin, for appellants.

Archibald R. Watson (Herman Stiefel, of counsel), for respondent.

BIJUR, J.   The substantial question involved in Goetting v. Normoyle, 191 N. Y. 368, 84 N. E. 287, was whether the bond provided to be given by section 687 of the Greater New York charter (as it read prior to 1908 [Laws 1901, c. 466]) was a bond merely of indemnity to the city against the wife and children becoming a public charge, or whether it constituted an obligation to pay a definite sum, in any event, during the yearly period.   By a narrowly divided court it was held to be merely a bond of indemnity; but the majority opinion, as I read it, impliedly, and perhaps expressly, recognizes the right of the Legislature to require the bond to be given in the form of an absolute obligation.   It appears to me that by the amendment (Laws 1908, c. 357), specifically providing that the city need not prove that it has been put to a loss, but that the mere nonpayment of the amount specified in the bond shall be a breach, and the measure of damage shall be the amount unpaid, the Legislature virtually changed the character of the bond into one calling for a fixed payment, rather than an indemnity.   I be-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lieve, therefore, that the judgment rendered below was proper, and should be affirmed, with costs.

Judgment affirmed, with costs.

GUY, J., concurs.

SEABURY, J. (dissenting). This action is brought by the commissioner of public charities of the city of New York against the defendant Levin as principal and against the defendant Hessberg as surety. The action is upon a bond given pursuant to section 686 of the Greater New York charter. The bond was given upon the conviction of the defendant Levin as a disorderly person, under section 685 of the Greater New York charter, in failing to support his wife and children. The present action is brought under section 687 of the Greater New York charter, as amended by chapter 357 of the Laws of 1908. By the terms of the bond the defendant Levin was obligated to pay to the plaintiff the sum of $20 monthly "for and toward the support of his said wife and children for the period of one year next ensuing." The condition of said bond is:

"That if the above-named Louis H. Levin shall for a space of one year pay to the commissioner aforesaid, weekly and every week, such sum for and towards the support of his said wife and children as has been ordered by said city magistrate, then the above obligation to be void; otherwise, to remain in full force and virtue."

Although judgment has been rendered against the defendants for $60 and costs, the corporation counsel concedes that this judgment should be reduced to $45, as it appears that Levin made payments on account. A bond similar to that upon which this action was brought was considered by the Court of Appeals in Goetting v. Normoyle, 191 N. Y. 368, 84 N. E. 287. It was there held that:

"The bond provided for is one of indemnity, and is to secure the support of the wife and children of the husband, in order that they should not become a public charge, and that a breach thereof must be established by evidence that the defendant has continued to neglect his duties, and that the support of his family has in fact been a charge upon the public."

In the present case no evidence was offered to show that the wife and children of the defendant Levin did become a public charge since the execution of the bond, or that the plaintiff did in fact expend any money on their behalf. Evidence offered by the defendants to show that Levin had in fact supported his wife and children since the execution of the bond was excluded by the court below, subject to the exception of the defendants.

The learned counsel for the plaintiff bases his right to recover, and justifies the exclusion of the evidence offered by the defendants, upon the amendment to section 687 of the Greater New York charter which was enacted by chapter 357 of the Laws of 1908 and was subsequent to the decision of the Court of Appeals in Goetting v. Normoyle, supra. This amendment provides that, in an action brought upon a bond:

"It shall not be necessary to prove the actual payment of money by the commissioner of public charities, but the neglect to pay the sum ordered to be paid by competent authority for the support of the wife and children

shall be a breach of the undertaking, and the measure of damage shall be the sum ordered to be paid, and which was withheld at the time of the commencement of the action, * * * and all moneys recovered in * * * any action * * * shall be paid to the commissioner to be by him applied and expended for the support of the wife and children."

The contention of the learned corporation counsel cannot be better or more concisely expressed than it is in his own statement contained in his brief. After quoting the amendment of 1908 he says:

"It will be seen that the amendment to section 687 of the Greater New York charter completely changes the law as stated in the case of Goetting v. Normoyle, 191 N. Y. 368 [84 N. E. 287], in that the amendment to section 687 provides that the measure of damage shall be the sum ordered to be paid, and which was withheld at the time of the commencement of the action, and that under section 687 of the charter, as amended, it is no longer necessary for the plaintiff to show that the wife and children of an adjudged disorderly person have become a burden wholly or partly upon the public, and obviates the necessity of showing that money has been paid by the city of New York for the support of the wife and children of the defendant."

It seems to me that there are serious difficulties in the way of placing this construction upon the amendment of 1908. Considered apart from the amendment of 1908, the bond upon which the present action is brought is concededly one of indemnity merely. Such being the case, it is not clear how the amendment of 1908 can convert it into an absolute obligation. The purpose of the bond is the same now as it was before the enactment of the amendment of 1908. Before that amendment the burden was upon the plaintiff in an action upon the bond to prove that the wife and children of the disorderly person had become wholly or partly a charge upon the public. By the enactment of the amendment of 1908 the failure of the defendant to pay according to the terms of the bond raises a presumption that his wife and children have become a public burden. I do not think that it is competent for the Legislature to go further than this, and to declare this presumption to be conclusive. The provisions of the amendment declaring that the measure of damages shall be the sum ordered to be paid mean, as we read them, that such sum is prima facie the measure of the plaintiff's damage in an action upon the bond.

We do not think that the Legislature intended, nor would it be within its province, to declare that such sum was recoverable absolutely, regardless of the fact that the wife and children of the defendant had not become a public charge. The amendment relieves the plaintiff in an action upon the bond of proving that the wife and children of the defendant have become a public burden, and casts the burden of proving the negative upon the defendant. It seems to me that it would be quite unreasonable to hold the defendants liable upon a bond of indemnity, even after the husband had conclusively established that his wife and children had not become a public burden. It is significant that the amendment provides that:

"All moneys recovered in any action shall be paid to the commissioner to be by him applied and expended for the support of the wife and children."

If it is proven that the wife and children have been supported by the husband, no reason exists for paying the sum stipulated in the bond to

the commissioner; nor is there any need that the commissioner should receive this money and apply it on behalf of the defendant's wife and children. If our interpretation of the statute is correct, then it is evident that the learned court below erred in excluding the evidence offered by the defendants to show that the wife and children of the defendant Levin had been properly supported by him since the execution of the bond.

Judgment should be reversed, and new trial ordered, with costs to appellants to abide the event.