THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAMU IKEDA, Relator, *v.* JOHN F. GILCHRIST and JOHN J. MERRILL, Constituting the Tax Commiss:on of the State of New York, Defendants.

Supreme Court, Kings Special Term, March, 1924.

**Taxation — stamps purchased from state tax commission and pledged as collateral to note — mandamus — tax commission compelled to redeem such stamps.**

Where stamps purchased of the state tax commission were pledged by the purchaser as collateral for his note an order of mandamus may be granted to compel the tax commission to redeem the stamps upon a tender of them to it by the pledgee and his demand for such redemption.

A pledge does not necessarily imply a power of sale and the claim of the tax commission that relator had no right of redemption under section 271-a of the Tax Law is untenable.

APPLICATION for order of mandamus to compel redemption of stamps held as collateral for a note.

*James G. Moore,* for relator.

*Carl Sherman,* attorney-general (*Robert P. Beyer,* deputy attorney-general, of counsel), for defendants.

MACCRATE, J. A mandamus is sought to compel the redemption of certain stamps which the relator claims to hold as collateral

for a note made by the purchaser of the stamps. When the application first came on, one of the attorneys for the state tax department appeared, but did not oppose. Thereupon the application was granted. Subsequently the attorney-general claimed that he was the one who should appear in applications of this character. He does not dispute the making of the note or the delivery of the stamps. In his memorandum he concedes that relator has tendered the stamps to the tax commission and demanded redemption. He asserts, however, that the plaintiff is not lawfully in possession and, therefore, has no right of redemption. For this assertion he relies on section 271-a of the Tax Law.

Reading this section, and considering it with the predecessors thereof, it is a reasonable assumption, as the relator argues, that it was not the legislative intent to make it a misdemeanor to pledge stamps. The words, " sell, or expose for sale, traffic in, trade, barter or exchange," now employed in the statute, and the words formerly used, " sell or expose for sale," do not suggest the relationship created by a pledge. A pledge does not, of necessity, give the pledgee the power of sale. The character of that which is pledged many times determines what the pledgee may do. These parties are presumed to have contracted with the law in mind. The owner, therefore, could give no power of sale. How, then, is the underlying purpose of the legislation frustrated by recognizing the pledge? Every part of a statute should be read when its purpose is sought. The attorney-general suggests no explanation of the portion of section 271-a permitting those, other than owners, to redeem stamps of the current issue. How do these others get the stamps? The statute must mean some way in addition to through sale or distribution, because it provides that the address of the owner may be required.

Application is granted.

Ordered accordingly. _____