THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAX GROSS, Defendant.

City Court of Rochester, Criminal Branch, October 7, 1936.

*Daniel O'Mara, District Attorney* [*Thomas Culhane, Assistant District Attorney,* of counsel], for the plaintiff.

*J. C. O'Brien,* for the defendant.

TOMPKINS, J. The defendant is charged with being a " disorderly person," in that he has failed " to provide for his wife and two children according to his means."

The evidence shows that for about eight weeks prior to the date of the information the defendant has contributed fifteen dollars a week to the support of his wife and two children, and thirteen dollars and fifty cents per week for some four months prior thereto; that his weekly earnings during this period approximated fifty dollars per week; that about four years ago a separation agreement was entered into between him and his wife; that since then they have been living apart.

It further appears that when the separation agreement was signed the defendant left the home the family had been occupying, the wife and children remaining therein; that she has since moved to her present home, with her two children, taking the furnishings with her; that her rent is sixteen dollars a month.

The defendant testified that on two occasions in 1934 he asked his wife whether she would live with him, and that she refused. It does not appear that he was then occupying any home to which he could take his wife and children. The wife testified that she refused to live with him again unless he abandoned some unnamed woman, with whom she charged he was having immoral relations.

Subdivision 1 of section 899 of the Code of Criminal Procedure reads:

" The following are disorderly persons:

" 1. Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means."

This provision was subdivision 1 of section 899 of the Code of Criminal Procedure, adopted in 1881. Prior thereto the provision respecting disorderly persons was found in 1 Revised Statutes (3d ed.), page 819, section 1, which then read: " All persons who threaten to run away and leave their wives and children a burthen on the public * * * shall be deemed disorderly persons." (See, also, Laws of 1861, chap. 127.)

The first clause of subdivision 1 reads: " Persons who actually abandon their wives or children, without adequate support."

While abandonment is not charged, it is eliminated for additional reasons. " Actual abandonment " is desertion without intention of returning. (*Williams* v. *Williams,* 130 N. Y. 193; *People ex rel.*

*Comrs. of Public Charities & Correction* v. *Cullen,* 153 id. 629, 639.) Ability to provide is not an element. The husband and father may not desert his unprotected wife or child, although helpless to maintain them. He must remain and share their destitution. He can at least demand succor from the municipality responsible for their maintenance.

The separation herein occurred some four years ago. If the wife and children were abandoned without " adequate support," the offense was complete at the time of the desertion. Prosecution for misdemeanors must be begun within two years. (Code Crim. Proc. § 142.) While the offense, although punishable by six months' imprisonment, is not classed as a misdemeanor, yet its prosecution is limited by the two-year statute. Four years and over have elapsed.

Furthermore, where a separation is pursuant to a mutual agreement, it is not an abandonment. (*City of New York* v. *Kaiser,* 125 Misc. 637.) There was such an agreement.

While the husband, so long as the marriage relation continues, is obliged to provide a home for the wife, if he offers and is ready to provide such a home, he is not required to support her elsewhere. (*People* v. *Schenkel,* 258 N. Y. 224, 228.) The offer, of course, must be made in good faith, which may be challenged upon the trial. (*People* v. *Frederick,* 78 Hun, 36, 38; affd., on opinion below, 143 N. Y. 667; *People* v. *Paaschen,* 105 Misc. 417.) I find that the defendant's alleged offer, made in 1934, was not made in good faith.

The second clause of subdivision 1 of section 899 reads: " Or leave them in danger of becoming a burden upon the public." Leaving a family in danger of becoming a public burden consists in remaining away from the wife and children at a time when they may become such burden. The offense is continuous while the danger exists. The leaving may be temporary. When the husband originally left there may have been no immediate danger. If danger arises he must return, or provide — if able.

Inability to provide is an excuse. Section 901 provides for a bond in a " reasonable sum." What is reasonable depends both on the need of the wife or child and on the ability of the husband and father to pay. His ability to provide must be shown as well as their need of support. (*People* v. *Meyer,* 124 Misc. 285; *Bulkley* v. *Boyce,* 48 Hun, 259.) It is not enough that the wife or child may become a burden; his ability to bear, or at least to share, must be shown. In this case the wife and two children had been receiving for several weeks fifteen dollars per week. While this is a meager sum compared with the average wages of the defendant of fifty dollars per week, they were not in danger, at the time the prosecution was begun, of becoming a burden upon the public.

The sole remaining question for determination herein is whether a husband living apart from his wife and children, although he did not abandon them without adequate support, and who were not, at the filing of the information, in danger of becoming a burden on the public, may be held as a " disorderly person " for failing to support them in accordance with his means.

The third clause of subdivision 1 of section 899 provides: " Or who neglect to provide for them according to their means." The language of this clause is clear. There is no ambiguity. What does it mean? What is its plain import? It has been on our statutes since 1881. May a person be held as disorderly who, enjoying a substantial income, leaves his wife and children, although not in danger of becoming a public burden, yet maintains them only on the border line of destitution? May he live in a palace while they sleep in a hovel and still escape the stigma of a " disorderly person?" The plain language compels a negative answer.

Whether the husband or the wife is entitled to relief in a matrimonial action may not be determined in this summary proceeding. (*People* v. *Schenkel*, 258 N. Y. 224, 228.) If the court in such action has decreed the right to support or its amount, those provisions are *res judicata* here. (*People ex rel. Comrs. of Public Charities & Correction* v. *Cullen,* 153 N. Y. 629, 637.) " Their duties and obligations towards each other during the separation are just what the court may have prescribed, and no other." (*People v. Jansen,* 264 N. Y. 364, 366.)

It may be urged that if the wife is dissatisfied with being merely relieved from being a public charge, she has recourse to the Supreme Court to seek maintenance according to her station. True. But how about the children? They are entitled to maintenance in accordance with their father's means. If there is no matrimonial action pending, how shall they compel decent and adequate support if it may not be had in this proceeding? Because they are not in danger of becoming a burden on the public, shall the children be left to live just above the line of decency while their father enjoys opulence?

Suppose this clause is held to mean what its language clearly says, and the husband is found disorderly for not supporting his wife and children according to his means. Then if he feels that his wife has forfeited her right to maintenance through her unwifely conduct, he may test his grievance in the Supreme Court. The determination by that court in such action is *res adjudicata* in any summary proceeding for support then pending or thereafter had.

In considering this question in *People ex rel. Case* v. *Case* (138 Misc. 131, 134), at page 134, Judge HAZARD stated that while he had found no case which did not hold that a necessary element to constitute a husband a disorderly person was that his dependents were " in danger of becoming a burden upon the public," yet such holding did not square with his reading of the statute. True, it frequently has been held that the sole purpose of the statute is to prevent the wife and children from becoming a public charge. (*People* v. *Smith*, 139 App. Div. 361; *People* v. *De Wolf*, 133 id. 879; *Bayne* v. *People*, 14 Hun, 181.)

At the time of these decisions, above cited, the pronouncement, that the sole purpose of the statute was to prevent dependent wives and children from becoming a public charge, had then support to some extent in the provisions of section 901 of the Code of Criminal Procedure, requiring the husband to give a bond to " indemnify the county, city, village or town against their becoming, within one year, chargeable upon the public."

In 1909 the Legislature, by chapter 506, changed this provision to read that the delinquent shall give a bond that he " will pay to the county superintendent of the poor or to the overseer of the poor of the town, city or village, or to a society for the prevention of cruelty to children, weekly for the space of one year thereafter a *reasonable* sum of money to be specified by the magistrate for the support of his wife or children." Why this radical change in the provision of the bond, if not to remove the grounds for the court's prior construction of subdivision 1 of section 899, that the *sole* purpose was to protect the public? Why the term " reasonable," if not to carry out the provision: " or who neglect to provide for them according to their means? " " Reasonable " support is beyond the border line of destitution, where the husband or father has the means. It is more than merely keeping his dependents off the dole where he enjoys affluence. To save the public harmless is one object. To secure " reasonable " support in accordance with the husband's means is another equally important object.

In *People* v. *Schenkel* (258 N. Y. 224, at p. 227) Judge LEHMAN said: " A person is ' disorderly ' who leaves wife or children in danger of becoming a burden upon the public or who neglects to provide for them according to his means. Duty of provision is absolute and regardless of the wife's fault."

What provision? The statute says " according to his means." While this language of the learned jurist may not have been necessary to the decision, it is the language of the statute, and I prefer to follow its humane import, backed by the present wording of section 901.

The defendant, receiving an average weekly wage of fifty dollars, has paid to his wife for her support and that of their two children fifteen dollars per week. That is not in accordance with his means. I direct that he give a bond pursuant to statute to secure the weekly payment of twenty dollars, which I deem a reasonable sum for the support of the wife and two children.