THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRED
McADAM, Appellant.

County Court, Monroe County, October 27, 1937.

*Leo T. Minton*, for the appellant.

*Daniel J. O'Mara, District Attorney* [*Harry Rosenthal* of counsel],
for the respondent.

KOHLMETZ, J.  The information charges the defendant with
being a disorderly person according to subdivision 1 of section 899
of the Code of Criminal Procedure, in that he actually abandoned
his wife and two children without adequate support and left his
wife and two children in danger of becoming a burden upon the
public and neglected to provide for them according to his means.
The only evidence in the case was the testimony given by Anna
McAdam, the wife of the defendant.  At the close of her testimony,
counsel for the defendant made a motion for the dismissal of the
information on the ground that the evidence does not show that
the family is liable to become a charge upon the public.  In ruling
upon this motion, the court stated that he did not hold that the
wife and children are in immediate danger of becoming a burden
upon the public, and denied the defendant's motion for dismissal.
He then directed that the defendant give a bond for the support
of his wife and children, and asked whether he was able to furnish

such a bond. When he said he could not, the court rendered a decision in the following words: "I direct or hold that he is a disorderly person upon the ground that he has not provided for his wife and two minor children in accordance with his means and suspend sentence and place the defendant upon probation and direct that he pay through the probation office."

It is clear from this record that the court convicted the defendant of the charge of being a disorderly person solely on the ground that he had not provided for his family in accordance with his means and that he did not consider the liability of the family's becoming a charge upon the public. In this, it is my opinion, the court erred. According to my view of the established law in cases of this character, it is not only necessary to prove that the defendant has neglected to provide for his family according to his means, but it must also be shown that, because of his failure to do so, the family is, or that there is immediate danger of their becoming, a burden upon the public. Unless both of these elements are proven beyond a reasonable doubt a man cannot be convicted of this charge.

Subdivision 1 of section 899 of the Code of Criminal Procedure reads as follows: " Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means," are disorderly persons. I am aware of the fact that the disjunctive " or " is used in this section and that apparently there are three separate and distinct elements, any one of which might constitute a violation of the section. Judge TOMPKINS of the court below seems to take this view and, in an exhaustive and learned opinion in the case of *People* v. *Gross* (161 Misc. 514), holds that a man may be convicted of the charge of being a disorderly person for failure to support his family in accordance with his means despite the fact that the family is not in danger of becoming a burden upon the public. He interprets the section literally and, while his logic is apparently sound, I am convinced that his conclusion is incorrect.

I am inclined, rather, to agree with the interpretation of the law stated by Judge HAZARD in his opinion in the case of *People ex rel. Case* v. *Case* (138 Misc. 131). He calls attention to the fact that, in a large number of cases previously decided, the opinions persistently seemed to construe the word " or " as " and." After a thorough discussion of the subject, he arrives at the following conclusion: " I am unable to find any case, notwithstanding the last provision contained in subdivision 1 of section 899, which holds

that a husband is a disorderly person who fails to properly support his wife and children *unless* it follows that they are ' in danger of becoming a burden upon the public.' I think we must, therefore, consider that as the settled law of the State, notwithstanding what appears to be the contrary language of the Code section in question."

There is a sound reason for arriving at this conclusion. An act should not be characterized as criminal unless it offends the public, and the criminal courts should not be resorted to if the act committed does not come within that category. The act of a man in neglecting to support his family in accordance with his means is not, in and of itself, criminal in its nature because it involves a difference between the husband and wife in which the public is not interested. It is a matter between private parties, which only a court of equity can adjust.

If, however, because of the neglect of the husband to support his family in accordance with his means, the public is called upon to contribute toward the support of the family, then the act becomes criminal. In that case the parties to the action would be the People of the State of New York on the one hand and the defendant on the other, and the prosecution of the action against the husband may be had in a criminal court. But, the court says, there are children involved, and they are not affected by the differences between husband and wife. That is true, but if the husband supplies sufficient funds for the support of the children, to provide for their support to the extent that they are not liable to become public charges, the same principle is involved. The public is not affected, and it still remains a question for the civil courts to determine whether or not the amount so furnished by the defendant is reasonable according to his means.

The gravamen of the offense with which this defendant is charged is the liability of the public to support the wife and children in case the defendant fails to do so in accordance with his means. If he fails to do that the public is affected and his acts offend the public. Under these circumstances, the nature and character of his acts are criminal and may be prosecuted in a criminal court. If, however, the sole question involved is that of fixing the amount that he should reasonably pay according to his means, and the family is not liable to become a public charge, then his acts are not criminal in nature, and the proper forum for the fixing of the amount that he should pay is the civil court, not the criminal.

The judgment of the City Court of Rochester, Criminal Branch, should be reversed and the information dismissed.