THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID GOODWIN, Defendant.

City Court of Rochester, Criminal Branch, May 20, 1938.

*Daniel J. O'Mara, District Attorney [Thomas P. Culhane* of counsel], for the plaintiff.

*Ira H. Morris*, for the defendant.

TOMPKINS, J. The information made by the defendant's wife charges him with being a disorderly person in that he has neglected to support her in accordance to his means. It alleges that she is not possessed of any property; that she is living with a sister who is asking board, which she has no means of paying; that the defendant, while earning twenty-eight dollars to thirty-four dollars weekly has for the past two weeks, contributed nothing to her support. The defendant challenges the sufficiency of the information in that it does not allege she is " in danger of becoming a burden upon the public." It does not so charge. While it avers she is possessed of no property, it states that she is living with a sister who is asking board. It does not state, however, that her sister has threatened to turn her out if board is not paid. Until the sister discontinues, or threatens to discontinue her sisterly support, the complainant is in no present danger of becoming a burden upon the public. That culminating point has not yet arrived.

The defendant is alleged to have a weekly income of from twenty-eight dollars to thirty-four dollars per week. May he be compelled in this proceeding to share that income with his wife now dependent on her sister's charity, although, while that charity continues, she is in no present danger of becoming a public charge?

What is the purpose of the provisions of title VII of the Code of Criminal Procedure respecting the prosecution of persons who fail to support properly their wives or children? The language of section 899, subdivision 1, reads as follows:

" The following are disorderly persons:

" Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means."

In *People* v. *McAdam* (164 Misc. 800) the County Court held that the sole purpose of the statute is to save the municipality where the dependents reside harmless from its being charged with their support. In *People* v. *Gross* (161 Misc. 514) it was held by this court that the plain language of the statute now, and since the amendment by chapter 506 of the Laws of 1909 to section 901 of the Code of Criminal Procedure, means exactly what the words clearly indicate, to wit, that where the husband lives apart from his wife and children, it is not essential to establish that the wife

or children are in danger of becoming a public charge, before he may be compelled in a proceeding charging him with being a disorderly person, to support them in accordance with his means.

The County Court in its decision, referring to the *Gross* case, says (p. 801) that "while his logic is apparently sound * * * his conclusion is incorrect."

It supports its conclusion by citing *People ex rel. Case* v. *Case* (138 Misc. 131), and with the argument that the failure of a man to support his family according to his means is not, "in and of itself, criminal in its nature because it involves a difference between the husband and wife in which the public is not interested." In the *Case* decision Judge HAZARD reluctantly came to the conclusion (p. 134) that the settled law of the State is that the word "or," as used in section 899, subdivision 1, means "and," although "this construction does not square with my reading of the statute in question." He cites *People* v. *DeWolf* (133 App. Div. 879) and *People* v. *Smith* (139 id. 361). Both cases hold the object of the statute is "simply to prevent the family from becoming a public burden." The former case was decided in July, 1909, and arose before the amendment of section 901 by chapter 506 of the Laws of 1909; the latter, decided in June, 1910, does not note this amendment, but cites *Goetting* v. *Normoyle* (191 N. Y. 368), decided in 1908, and which led to this amendment of 1909. Neither the *Case* decision (138 Misc. 131), nor the *McAdam* decision (164 id. 800), considers the amendments of 1909, 1910 and 1917 to sections 901, 903 and 905 of Code of Criminal Procedure relating to this subject.

Every part of a statute should be read when its purpose is sought. (*People ex rel. Ikeda* v. *Gilchrist*, 122 Misc. 615; *People ex rel. Barnes* v. *Warden*, 127 id. 224.) The sections of title VII pertaining to non-support proceedings include section 899, subdivision 1, describing who are disorderly; section 900, enumerating to whom complaints may be made; section 901, describing the undertaking which the magistrate may require; section 903, providing, among other things, for probation; section 905, regulating the enforcement of the undertaking.

Prior to 1909 section 901 provided that the defendant must give an undertaking that he would "indemnify the county, village or town against their becoming within one year, chargeable upon the public." In *Goetting* v. *Normoyle* (191 N. Y. 368) the Court of Appeals, in an action on a bond given pursuant to certain sections of the Greater New York Charter, construed these provisions of the Criminal Code as applying thereto, and said (p. 371) that the defendant's conviction as a disorderly person was based upon the fact of the "danger of his wife and children 'becoming a bur-

den upon the public,' and the bond, under either provision, is to secure their support in order that they shall not become a public charge." The court then held that, consequently, the bond was one to indemnify the public, and that to recover in a suit thereon, it must appear that the dependents were a public charge.

This was in March, 1908. The following year, 1909, the Legislature, by chapter 506, amended section 901 to read that the undertaking should provide that the defendant "will pay * * * [to certain designated agencies] weekly for a space of one year thereafter a *reasonable* sum of money to be specified by the magistrate for the support of his wife and children." This provision stands today.

In 1914 the Court of Appeals construed this section 901, as thus amended, in *Severson* v. *Macomber* (212 N. Y. 275). It reviewed its decision in the *Goetting* case, in which three judges dissented, and the court then unanimously held, in an action upon a bond given under section 901, as amended, that in view of this amendment of 1909, it was no longer necessary to establish that dependents had become a public charge; that the undertaking was no longer simply to indemnify.

The object of the prosecution of a delinquent husband or father is to secure the undertaking provided for by section 901. If the defendant is found guilty, he is directed by the magistrate to give such undertaking. If he gives the undertaking, he is discharged. If he does not, he is convicted. (§ 902.) If convicted, he may be committed to jail or penitentiary for not to exceed six months; or he may, since the amendment of 1910, be placed on probation to pay weekly a "reasonable" sum for the support of his wife or children. (§ 903.) If committed for failure to give security, on giving it, he may be discharged. (§ 907.) The sum collected in a suit on the undertaking is, since the amendment of 1917 to section 905, received for the immediate benefit of "the person for whose support said bond is given," *i. e.*, wife or children. Prior thereto it was paid into the county or city treasury. .

The undertaking is the goal of the proceeding. If given, there is no conviction. If given after commitment, the husband is discharged.

If the bond is the objective goal of the proceeding, then its purpose is the major purpose of the proceeding. This is axiomatic. Since 1909 the purpose of the bond is to secure "reasonable" support of the wife or children. They are its beneficiaries. It is no longer a bond to indemnify the municipality. (*Severson* v. *Macomber*, 212 N. Y. 275.) Since the amendment to section 903

by chapter 609 of the Laws of 1910, the husband may be placed on probation to pay a " reasonable " sum for the support of the wife or children. Since the amendment of section 905 by chapter 312 of the Laws of 1917, the money collected on the bond, instead of being paid to the municipality, is held by the collecting agent for the support of the dependents. These amendments to sections 903 and 905 emphasize, if emphasis is necessary, that the dominant purpose of the proceeding, like the purpose of the bond, is to provide a present " reasonable " support for dependents, rather than simply to indemnify the community. It would not seem to strain the imagination, at least of those who are conscious of the present humanitarian trend, to conceive that the Legislature by these several amendments announced that the dominating purpose of the proceeding was no longer, as the courts had theretofore construed it, to indemnify the municipality, but rather was to insure decent support of the dependents, above the border line of destitution, and commensurate with the means of the husband and father. It emphasizes the well being of the wife and children as more important than the pocketbook of the municipality. A not undemocratic principle.

The construction of subdivision 1 of section 899 announced in *People* v. *Gross* (*supra*), and followed herein, is supported both by the words of Chief Judge CULLEN in his dissenting opinion in *Goetting* v. *Normoyle* (191 N. Y. 368), concurred in by Judges HAIGHT and BARTLETT, where he said (p. 376): " It is evident, therefore, that to secure the proper support of the wife and children is the dominant feature of the proceedings," and also by the unanimous opinion in *Severson* v. *Macomber* (212 N. Y. at p. 281) referring to the " very significant amendments " to the Code of Criminal Procedure as " eliminating any expression of the idea that the undertaking was one simply of indemnity."

The trend of legislative action to emphasize the sociological aspect of these family problems over mere pecuniary protection of the community, is further shown in its act creating the Court of Domestic Relations of the City of New York in 1933. The Family Court Branch of this court has much similarity with the procedure of the Criminal Branch of the City Court of Rochester in dealing with non-support cases under title VII of the Criminal Code. Section 92 of the act provides that the Family Court has jurisdiction to order the support of the wife or children, " irrespective of whether either is liable to become a public charge."

To say now that protection of the community's pocketbook is the sole object of title VII of the Code of Criminal Procedure relating to delinquent husbands and fathers, is to overlook the

amendments of 1909, 1910 and 1917 to sections 901, 903 and 905 of the statute; is to ignore the construction the Court of Appeals has established in *Severson* v. *Macomber* (*supra*) as the purpose of the bond; is to disregard the rule that a statute's purpose is to be gained from the consideration of all its parts; is to rate the Municipal pocketbook still above the well-being of its wives and children! The bond is no longer a bond solely to indemnify. The statute's words, " or who neglect to provide for them according to their means," now stand for their unequivocal import. It is not now necessary to establish that the community's purse is endangered, before helpless children may be raised above destitution, while the father lives in opulence, or before a destitute wife, living on the charity of her relatives, may demand that a husband with a substantial income shall contribute to her support according to his means.

This proceeding does not assume to establish, like matrimonial actions, a permanent status. The undertaking runs for but one year. If the husband offers in good faith to provide his wife a suitable home, he is not obliged to support her elsewhere. (*People* v. *Schenkel*, 258 N. Y. 224, 228.) If he feels she has forfeited her right to maintenance by unwifely conduct, he may test his grievance in the Supreme Court. (*People* v. *Gross*, 161 Misc. 514, 518.) The decision of that court in such action is *res adjudicata* in any summary proceeding for her support then pending, or theretofore or thereafter had. (*People* v. *Jansen*, 264 N. Y. 364, 366.)

The motion to dismiss the information is denied.