THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ERNEST F. AULBACH, Defendant.

City Court of Rochester, Criminal Branch, June 10, 1938.

*Daniel J. O'Mara, District Attorney [Thomas P. Culhane* of counsel], for the plaintiff.

*Fred S. Holbrook,* for the defendant.

*William H. Emerson, Corporation Counsel, amicus curiæ.*

TOMPKINS, J.  The information charges the defendant with being a disorderly person in that (1) he abandoned his wife and child without adequate support; (2) he left them in danger of becoming a burden upon the public; and (3) he neglected to provide for them according to his means.

The first ground or charge of delinquency was dismissed for the reason that the information did not state the date of abandonment. Abandonment is a single act. (*People* v. *Gross,* 161 Misc. 514.) The date of the alleged abandonment is essential, not only to permit the defendant to refute the charge, but also to set up the two-year Statute of Limitations, if it has run.

The evidence showed the wife and her fourteen-year-old son had been living apart from the defendant since August, 1936; that the wife has neither property nor income of her own; that the defendant's earnings between October 1, 1937, and April 13, 1938, amounted to $1,169.32; that for the following six weeks to $301.63, or slightly over $50 per week.  The information avers that the defendant has contributed for " several months past " $8 per week. This averment was not disputed by the defendant.  It further appears that the World War Relief has contributed to the support of the wife and child between June 5, 1937, and April 8, 1938, groceries and other necessaries in the amount of $229.53.  From this evidence it appears that the wife and child are to some extent public charges, and that the defendant has not contributed to their support in accordance with his means.

It further appears that the complainant August 25, 1936, brought a separation action against the defendant in the Supreme Court, and that on June 3, 1937, she commenced an action for divorce against him.  Defendant has appeared and interposed an answer in each action.  Both actions are still pending.  The complainant made a motion September 25, 1936, in the separation action in Supreme Court for alimony and counsel fee.  On September 29, 1936, an order was made granting a counsel fee of one hundred dollars and directing the payment to the wife of twelve dollars per week for the support of the son for sixty days and no longer, unless ordered by the court.  No allowance for alimony *pendente lite* was granted.  No further order in that action has been made, nor has any application for alimony or support for the child been made in the divorce action.

The defendant urges that the pendency of these two matrimonial actions is a bar to this proceeding. Where a matrimonial action has been tried and the marriage relation dissolved or modified, the judgment of the Supreme Court in such action so far as it defines the continued obligations of the husband, is *res adjudicata*. (*People ex rel. Commissioner of Charities* v. *Cullen*, 153 N. Y. 629; *People* v. *Jansen*, 264 id. 364; *People* v. *Goodwin*, 167 Misc. 627.) Such decree determining the husband's obligation may not be enforced by proceeding against him as a disorderly person. In *People ex rel. Commissioner of Charities* v. *Cullen* (153 N. Y. 629) the court said (at p. 637): "The statute in question * * * was not intended to apply to a case where the wife had procured from a court of equity a readjustment of her marriage relations." If he had abandoned his family, that was a ground for a decree of separation; if he continues to live apart, it is by the court's order; his ability to support has been determined by decree of the court. The court granting the decree may enforce it by punishing for contempt. However, if the husband fail to obey an order to support his children when able to do so, he may be prosecuted under the express provisions of section 482, subdivision 1, of the Penal Law.

A final judgment in a matrimonial action fixing the obligation of the husband is a bar to these proceedings. Is a pending matrimonial action a bar?

In *People ex rel. Ford* v. *Ford* (124 Misc. 19) the court assumed that a pending matrimonial action was not a bar, but it determined the appeal on another issue. In *Kingsbury* v. *Sternberg* (178 App. Div. 435) it was held that an interlocutory decree of divorce granting alimony was not a bar to the prosecution of the defaulting husband, made on complaint of the commissioner of public charities. The marriage until the final decree still exists, and the husband is still liable. The court, in *People ex rel. Goettling* v. *Schnitzer* (71 N. Y. Supp. 320), held, "the mere pendency of the suit [for separation] cannot oust the magistrate of jurisdiction, for the suit may not succeed." A not wholly convincing reason. In *People ex rel. Heinle* v. *Heinle* (115 Misc. 469) it was held that an action by the wife to annul her marriage, begun subsequent to an order directing the husband in a disorderly proceeding to support the wife, was not a ground to vacate such an order for support. The court stated that in the annulment action, the wife, denying the validity of the marriage, was not entitled to an order therein for support based on its legality; but as to the prior proceeding the obligation to save the public from supporting her continued until the marriage was dissolved.

The Legislature has attempted to broaden the jurisdiction of the Court of Domestic Relations of New York City in respect to its power to enforce the obligation of husbands, although there be a final decree in a matrimonial action directing the payment by the husband of either alimony or a sum for the support of the children. These provisions were formerly found in section 74 of the Inferior Criminal Courts Act of the City of New York, and are now in section 137 of the Domestic Relations Court Act of the said city.

In *People* v. *Jansen* (264 N. Y. 364) the court, construing the provision found in section 74, said (at p. 367): " That clause enlarges the scope of the statute to include a situation which lay outside of the scope of the statute (Code Crim. Proc. § 899, subd. 1) heretofore construed by us." The provisions of section 74 thus construed applied only to a final decree of separation. The provisions of section 137 are much broader and apply to all pending matrimonial actions. This additional jurisdiction given to the Domestic Relations Court of New York City, of course, does not broaden the scope of section 899, subdivision 1, of the Code of Criminal Procedure. As stated in the *Jansen* case, it does enlarge the scope of the power of the court on which they are conferred.

Bearing in mind the decisions we have cited, and the purpose of the provisions of the Code of Criminal Procedure relating to the support of wives and children; *i. e.*, primarily to secure their adequate support within the husband's means; and secondarily, to prevent their becoming a burden on the public (*People* v. *Gooawin*, 167 Misc. 627), we will attempt to define the effect of pending matrimonial actions upon disorderly proceedings brought under section 899, subdivision 1, of the Code of Criminal Procedure.

In pending separation or divorce actions, where no application for alimony *pendente lite* has been made, it would seem that if the wife or children become a charge on the public, the proper welfare officer may bring the proceeding to charge the husband as disorderly under section 899, subdivision 1, of the Code of Criminal Procedure. The marriage still exists. One of the objects of the provisions governing this proceeding is to protect the public. The wife may not defeat this end by seeking a separation or divorce and then failing to apply for support therein. Her willingness to suffer deprivation should not thwart the public right to compel her support.

In bringing such action, while she, by failing to apply for relief therein, may not defeat an application by a welfare official, yet she should not be permitted to charge her husband as a criminal

delinquent. By her action or her counterclaim in such action she has chosen her forum for relief. She should not be allowed to switch to a criminal prosecution for relief, pending the first engagement. If she requires support, she should apply in the matrimonial action therefor. If entitled to it, it will be granted. Ultimately her right to support must be determined therein. When she has applied for relief in the matrimonial action and temporary support is ordered, if the husband defaults, the order directing him to pay her becomes her property or a property right. She may not become a public charge until such property is exhausted. Her duty, or perhaps her right and privilege, is to move for the enforcement of the order.

Where there are children and there is no order for their present support, if they become a public charge, the father, of course, may be charged as disorderly under section 899, subdivision 1, of the Code of Criminal Procedure. May he be compelled to support the child or children in accordance with his means, or merely so the child will not become a burden on the public? If a welfare officer makes the application, the support required will be " reasonable." (Code Crim. Proc. § 901.) " Reasonable " implies that both the ability of the father to pay and the needs of his offspring will be considered. In other words, it will be in accordance with his means.

If the mother apply for the child's support, should the amount granted be less than that ordered on an application of a welfare officer? Should the child be penalized because the mother has commenced a matrimonial action and has failed to apply therein for his support? I think not. The child should not suffer for acts of commission or omission of either parent. He is entitled to support beyond the borderline of destitution and in accordance with the means of his obligated parent; and this irrespective of who institutes the proceeding. It is the measure applied in a matrimonial action. It should be the measure used in the disorderly proceeding.

I think we may summarize the effect of pending matrimonial actions as follows: The orders of the Supreme Court made therein granting or denying support are *res adjudicata* in these proceedings. If the wife becomes a burden upon the public, a welfare officer either where no application for support has been made or if made and ordered, the husband has failed to obey, may charge the husband as disorderly. The wife, however, in either event must apply for relief in the pending action. As to children, if no order has been made for their support, or if made and the father has

defaulted, the wife may proceed under section 899, subdivision 1, of the Code of Criminal Procedure; while a welfare officer may act thereunder if they have become a burden upon the public.

We will now apply these conclusions to the case at bar. The complainant wife applied for alimony *pendente lite* in the separation action. An order was made therein directing payment of twelve dollars per week for sixty days for the support of the infant son. Nothing was granted in such order to her. This must be construed as a denial of alimony *pendente lite* to her. Its ground for denial is immaterial. The decision is binding in this proceeding, whether she or a welfare officer make the application, and that though she is now being supported by a quasi-public organization, the World War Relief. That she later brought an action for divorce and has made no application therein is immaterial. The order in the separation action is still a bar to this proceeding, so far as she is concerned.

The order in the separation action required the payment of twelve dollars a week for the support of the child for a period of sixty days. Its provisions have expired. There has been no further order. The mother institutes this proceeding for the child's present support. The defendant has been earning about fifty dollars per week. He has been paying for the child's support eight dollars weekly. He is not obligated to contribute to his wife's support, although she is destitute. The fourteen-year-old son is not in danger of becoming a public burden while receiving eight dollars per week. But eight dollars a week under these circumstances is not in accordance with the defendant's means.

About two years ago the Supreme Court fixed the child's reasonable support for a period of sixty days at twelve dollars per week. At this time the sum of ten dollars a week is fair and in accordance with the defendant's means and the child's requirements. I direct that the defendant give a bond in the sum of five hundred and twenty dollars conditioned on the payment to the mother of the sum of ten dollars a week for one year for the support of their son. A trial of one or both the matrimonial actions may result in a decree which will supersede this order.