THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HERMAN W. HOSIER, Appellant.

County Court, Sullivan County, June 10, 1946.

*Carl P. Goldstein and Benjamin M. Goldstein* for appellant.

*Benjamin Newberg, District Attorney (Madeline J. Cox* of counsel), for respondent.

COOK, J. This is an appeal from the judgment and order rendered by a Justice of the Peace of the Town of Mamakating, Sullivan County, New York, on or about July 9, 1945, holding that the defendant is a disorderly person in that he failed and

neglected to provide for his wife according to his means. It is claimed that the defendant violated section 899 of the Code of Criminal Procedure.

Subdivision 1 of section 899 is as follows: " § 899. *Who are disorderly persons*. The following are disorderly persons: 1. Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means  *  *  *. "

It seems that on or about May 3, 1945, the home of these parties was sold for $3,000, of which complainant received $1,500. That she had $1,200 of this sum on or about July 6, 1945.

In the return of the Justice we find: " The facts disclosed that the complainant had the sum of $1200 on the 6th day of July, 1945; that they further disclosed that the complainant had received no support from the defendant from the 3rd day of May, 1945; that on the 3rd day of May, 1945 both parties separated upon the sale of the dwelling at Summitville, N. Y.

" That on the 10th day of July, 1945, after reserving decision deponent adjudged that the defendant be found guilty and that he give a bond as required by statute to the Sullivan County Commissioner of Public Welfare to assure the payment of $15.00 per week during July and August, 1945 and the sum of $10. per week for ten months commencing September 1, 1945, which sum he was directed and ordered to pay." This appeal was recently submitted.

There seem to be two theories which the courts have adopted concerning this subdivision of this section. One is set forth in *People* v. *McAdam* (164 Misc. 800) which holds to the effect that such conviction solely on the ground that he had not provided for his family in accordance with his means and without regard to whether his family was in danger of becoming a public charge was erroneous. The other is contained in *People* v. *Goodwin* (167 Misc. 627) where the sufficiency of the information was challenged because it was not alleged that the wife was in danger of becoming a burden upon the public. The motion to dismiss the information was denied. In *People* v. *Ensser* (27 N. Y. S. 2d 12, 13) it was held: " As to the first of these grounds, the evidence fails to show an abandonment nor a danger of becoming a public burden. However, such proof is not required where the charge is that defendant neglected to provide for his wife according to his means." It seems that this theory is plainly the contemplation of the statute. It seems " There are  *  *  *  three

separate sets of facts which could be termed ' disorderly ' under this subdivision * * *." (*People* v. *Ensser, supra,* p. 13.)

In this case it appears that the wife had $1,200 at the time of the trial. Can it be said she must use that before she can proceed under this section? She may need that at any time in case of sickness or if friendly relatives refused to support her. Can it be said that these conditions inure to the husband's benefit and that he is not required to provide for his wife according to his means?

Some adopt the theory that there must be danger of the wife becoming a burden upon the public before she may proceed under this subdivision. The statute itself indicates no such intent. The fact that as an alternative a civil action for support is available can not be held to preclude recourse under this section. This interpretation of the statute as contained in the *Goodwin* case (*supra*) seems more consistent with justice in this class of cases. The Legislature has determined that a person is disorderly under this section when he neglects to provide for his wife according to his means. With whether or not the law-making body should have so determined we are not now concerned.

Judgment and order of the Justice's Court is affirmed.

Order may be agreed upon or settled on three days' notice.