THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LORE-MADY REALTY CORP. and MEYER MEERBAUM, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, April 2, 1947.

*David A. Ferdinand* for appellants.

*Harold N. Cohen* of the Office of Price Administration (*Samuel Wechsler* of counsel), for respondent.

De Luca, Ch. J.  The appellants herein were convicted under thirty-eight complaints charging violations of the New York State War Emergency Act (L. 1942, ch. 445, as amd.) in that they failed " On and after December 15, 1943 " to file the required registration statement with the Area Rent Office of the Office of Price Administration, pursuant to section 7 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13919).

Section 7, so far as pertinent to the issues herein reads as follows: " (a.) *Registration requirements.* On or before December 15, 1943, * * * every landlord of housing accommodations rented or offered for rent shall file in the area rent office a form provided by the area rent office for this purpose.  The form shall identify each dwelling unit and shall specify the maximum rent provided by this regulation for such dwelling unit and shall contain such other information as the Administrator shall require."

At the trial the parties purported to present the case for decision on an agreed state of. facts.  This effort was abortive because, among other things, no agreement was had on the principal issue in the case, namely, the failure of the appellants to file the statement required by section 7.  On the state of the record the case would be sent back for retrial were it not our conclusion on other grounds that in addition to a reversal of the judgments the complaints must be dismissed.

At the trial the appellants maintained that the Statute of Limitations barred the suits because they were commenced more than two years subsequent to December 15, 1943.  Respondent concedes, and the court agrees, that in all probability the two-year statute applies to the offenses herein. (Code Crim. Pro., § 142; New York State War Emergency Act, § 100, subd. [d], since repealed by L. 1946, ch. 445, § 1, eff. April 1, 1946; General Business Law, § 392; *People* v. *Reson,* 249 App. Div. 54, 58; *People* v. *Gross,* 161 Misc. 514.)  However, respondent contends that the offense is a continuing one and apparently it is on this theory that the complaints were drawn charging a failure to file " On and after December 15, 1943 ", instead of " On or before December 15, 1943 ".  A careful examination of the pertinent regulation fails to disclose any regulation which requires the filing of a registration statement after December 15, 1943, and provides a penalty for failure to do so.  Section 7 prescribes that such filing should be made on or before December 15, 1943, and section 10 provides that a violation of any provision of the regu-

lation is subject to criminal penalties, civil enforcement actions and suits for treble damages as provided by the Federal Emergency Price Control Act of 1942. (U. S. Code, tit. 50, Appendix, § 901 *et seq.*)

Subdivision (e) of section 4 of the Regulation (8 Federal Register 13915, as amd.) provides that where a landlord fails to file a proper rent registration statement by December 15, 1943, the rent received shall be subject to refund to the tenant of any amount in excess of the maximum rent which may be fixed by an order under paragraph (1) of subdivision (c) of section 5, unless the administrator finds that the landlord was not at fault in failing to file within the time specified, in which case such order may relieve the landlord of the duty to refund. Respondent maintains that from this it follows as a matter of inference that the landlord may file a registration statement after December 15, 1943, although then in default, and that in some manner this permissive filing becomes a matter of legal obligation, for failure to comply with which, all the penalties under section 10 of the regulation and under the New York State War Emergency Act follow, notwithstanding such obligation is not clearly and definitively set forth in a proper regulation. Of course, it is axiomatic that in the creation of a penal offense it should be embodied in language descriptive of the act or omission and sufficiently certain to show what was intended to be prohibited and punishable. Moreover, in the last sentence of subdivision (e) of section 4 is contained a complete answer to the contention that the offense is a continuing one. It reads as follows: " The foregoing provisions and any refund thereunder do not affect any civil or criminal liability provided by the Act for failing to file the registration statement required by section 7."

Regardless of the provisions for refund of rent, the landlord, by virtue of this quoted portion of subdivision (e) of section 4, is still responsible civilly and criminally for failing to file by December 15, 1943, pursuant to section 7. It, therefore, conclusively appears that the last filing date for these appellants was December 15, 1943, and that the Statute of Limitations started to run from that date.

Accordingly, the judgments should be reversed, complaints dismissed and fines ordered remitted.

CURRAN and MILLER, JJ., concur.

Judgments reversed.