SHIRLEY KARRON, Appellant, *v.* DAVID E. KARRON, Respondent.

First Department, November 3, 1933.

*Myron Kommel* of counsel [*Kommel & Rosenberg,* attorneys], for the appellant.

*Eugene Schwartz,* for the respondent.

PER CURIAM. The record shows no justification for failing to pay alimony due under the decree. Upon the second separation of the parties, the prior decree again became binding. (See *Schatzberg* v. *Schatzberg,* 229 App. Div. 214.) The application of plaintiff for a modification of so much of the decree as provided for visitations should have been granted in the light of the circumstances disclosed by the affidavits herein.

The order appealed from should be reversed, with twenty dollars costs and disbursements and the motion granted to the following extent: Defendant is adjudged in contempt for failing to pay alimony as fixed by the decree herein from March 30, 1933, to April 28, 1933. Defendant may purge himself of such contempt by paying such arrears to the attorney for the plaintiff within twenty days, otherwise commitment to issue. The original decree entered herein on the 26th day of April, 1927, is modified by limiting the duty to produce the child in New York city to once a month at such time and place as may be fixed by the order to be entered hereon.

Present — FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ.; MARTIN, J., dissents and votes for affirmance.

MARTIN, J. (dissenting). The plaintiff brought an action for a separation in which the defendant pleaded a counterclaim for similar relief. A decree of separation was entered in favor of the defendant on his counterclaim. He was ordered to pay ten dollars per week for the support and maintenance of their child and the plaintiff was directed to produce the child on the first and third Saturday of each month at the home of the defendant. The attorneys for the parties consented to the entry and filing of the judgment and decree.

Some time thereafter the plaintiff and defendant became reconciled and lived together for more than four years when they again separated and have since been living apart. The defendant claims that the plaintiff left him and moved with the child to the State of New Jersey where she then started a new separation action but discontinued it.

The plaintiff says that it became necessary for her to live with her parents in New Jersey because she had no other means of support. She says that after leaving the defendant she carried out the terms of the judgment by bringing the child to the father

every other week, despite the fact that such visits cost more than nine dollars per trip, and the fact that the defendant did not continue the payments of ten dollars per week. After receiving a letter from an attorney for the plaintiff, the defendant began making payments of six dollars per week.

This proceeding was then instituted to punish the defendant for contempt. The defendant says that because of the reconciliation the court has no power to punish him for contempt. The plaintiff contends that the judgment of separation was not revoked by the subsequent reconciliation of the parties. The courts have repeatedly held that if a husband and wife become reconciled after a judgment of separation has been rendered, and subsequently separate again, the judgment of separation, unless modified, remains in full force and effect. (*Schatzberg* v. *Schatzberg*, 229 App. Div. 214.) The plaintiff claims that the defendant is in contempt of this court because of his failure to comply with its judgment and that the court has power, under section 1170 of the Civil Practice Act, to modify the provision of the final judgment regarding visitations of the child, which modification plaintiff says is warranted by the facts.

The defendant claims that since he obtained the judgment of separation on his counterclaim the only manner in which the support of the child may be enforced is by a proceeding in the Domestic Relations Court. Under section 1170 of the Civil Practice Act the court must, in its final judgment, provide for the support, maintenance and custody of the child of the marriage. Here, the parties, by consent in writing, inserted a provision in the judgment providing for the payment by defendant of ten dollars weekly for the support of their child.

The defendant overlooks the fact that in the present instance the particular part of the judgment providing for the support of the child was inserted by consent, and that because of the failure to amend the judgment when the parties became reconciled it remained in full force and effect during such reconciliation and subsequent separation.

The defendant relies upon the recent case of *Fein* v. *Fein* (261 N. Y. 441). That case has no application to the facts set forth herein.

In this case the court properly provided for the support and maintenance of the child and directed that the plaintiff produce the child at stated times at the home of the defendant. The respondent says that the appellant failed to comply with the terms of the judgment.

The power to punish for contempt is discretionary and should

be exercised only in a case where there is justification therefor. Under the circumstances here disclosed, the Special Term properly refused to commit the respondent for contempt. On a rehearing the plaintiff may be able to show that she complied with the judgment or that it was necessary for her to take this child to New Jersey and thus justify her action and she may also establish a right to punish the defendant for contempt because of his failure to pay the alimony due after the period of reconciliation. The amount thereof may also be ascertained.

On the facts set forth herein the justice at Special Term properly refused to punish the respondent. The order should be affirmed with permission to renew the application at Special Term at which time the court may grant a hearing to determine the facts which must be established as a basis for punishment for contempt.

The order appealed from should be affirmed.

Order reversed, with twenty dollars costs and disbursements, and motion granted to the following extent: Defendant is adjudged in contempt for failing to pay alimony as fixed by the decree from March 30, 1933, to April 28, 1933. Defendant may purge himself of such contempt by paying such arrears to the attorney for the plaintiff within twenty days, otherwise commitment to issue. The original decree entered on April 26, 1927, is modified by limiting the duty to produce the child in New York city to once a month at such time and place as may be fixed by the order to be entered hereon. Settle order on notice.