THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN JANSEN, Appellant.

(Submitted April 18, 1934; decided May 22, 1934.)

*Peter W. Quinn* for appellant. The decree of separation barred entertainment of the complaint herein. (*Waring* v. *Waring*, 100 N. Y. 570; *Byrnes* v. *Byrnes*, 126 App. Div. 619; *People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629; *Kingsbury* v. *Sternberg*, 178 App. Div. 435; *People* v. *Schenkel*, 258 N. Y. 224; *People* v. *Meyer*, 124 Misc. Rep. 285.)

*Paul Windels, Corporation Counsel* (*Edmund L. Palmieri* and *Paxton Blair* of counsel), for respondent. A decree of separation in favor of a husband does not abrogate his marital obligations to the extent of relieving him from liability, where his wife is in danger of becoming a burden upon the public. (*Tirrell* v. *Tirrell*, 232 N. Y. 224; *Harding* v. *Harding*, 203 App. Div. 721; *Leith* v. *Leith*, 124 Misc. Rep. 24; *Veeck* v. *Veeck*, 218 App. Div. 822; *People ex rel. Berman* v. *Berman*, 197 N. Y. Supp. 502; *Kingsbury* v. *Sternberg*, 178 App. Div. 435; *People* v. *Schenkel*, 258 N. Y. 224; *City of New York* v. *Cohen*, 143 Misc. Rep. 27; 259 N. Y. 645; *People* v. *McCarthy*, 139 Misc. Rep. 746; 257 N. Y. 567; *Hawkins* v. *Hawkins*, 110 App. Div. 42; *People ex rel. Heinle* v. *Heinle*, 115 Misc. Rep. 467.)

LEHMAN, J. The defendant has been convicted upon a charge that since the 9th day of February, 1925, he " failed and neglected to support his legally separated wife; by reason of which she is in danger or likely to be in danger of becoming a burden upon the public, in violation of Section 74 of the Inferior Criminal Courts Act." He has been sentenced to pay five dollars weekly for the support of his wife. In his defense the defendant introduced a judgment of the Supreme Court entered on February 11th in an action brought by the wife for separation on the ground of cruel and inhuman treatment. In that action the defendant interposed a counterclaim demanding judgment of separation and, after a hearing, judgment was entered in favor of the defendant dismissing the complaint and adjudging that " the said defendant * * * be * * * forever legally separated from the bed and board of Julia Ann Jansen, the said plaintiff, on the ground of the wilful abandonment of defendant by plaintiff." The question presented upon this appeal is whether a husband *in whose favor* a decree of separation has been granted violates the statute and becomes a dis-

orderly person by failure to support his wife, whereby she is in danger of becoming a public charge.

" The husband's obligation of support continues as long as the marriage relation is not dissolved or limited by a decree of divorce or separation. * * * A penal law may make failure to perform a duty to the State a crime, where the public interest demands its performance. Then the misconduct of the person to whom primarily the duty is owed becomes irrelevant." (*People* v. *Schenkel*, 258 N. Y. 224, 225, 226.) In that case no decree of separation had been granted, and for that reason we held that a husband might be convicted as a " ' disorderly person' as defined by subdivision 1, section 899 of the Code of Criminal Procedure," even though the wife had perhaps been guilty of misconduct which might have furnished ground for a separation. In the case now under review a decree was granted in favor of the husband.

Even where the wife secures a decree of separation, this court has said " that the obligation of the husband is not wholly terminated, but it assumes another form and rests upon different principles. Their duties and obligations towards each other during the separation are just what the court may have prescribed, and no other." (*People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629, 637.) In that case the court decided that the provisions of the Consolidation Act (Laws of 1882, ch. 410, § 1454 *et seq.*) did not apply where a decree of separation had been granted though in favor of the wife.

These provisions of the Consolidation Act have been embodied in section 74 (now § 105) of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, ch. 659, amd. Laws of 1919, ch. 339), but their scope has been enlarged. Now a person " who fails to support his wife or children when his wife has secured a decree of separation by reason of which they are without adequate support or in danger of becoming a burden upon the public " is defined as a disorderly person. Neither the Consolidation

Act, construed in *People ex rel. Comrs. of Charities* v. *Cullen* (*supra*), nor the Code of Criminal Procedure, construed in *People* v. *Schenkel* (*supra*), contained such a clause.

That clause enlarges the scope of the statute to include a situation which lay outside of the scope of the statute heretofore construed by us. By its terms it applies where *the wife* has secured a decree of separation and the husband's duty to support his wife has not been terminated, though it has assumed a different form. There is nothing to indicate that the Legislature intended that in the city of New York a husband commits a penal offense by failure to perform a marital duty to support his wife from which the courts have by decree absolved him. The Legislature has provided an additional remedy in the city of New York for failure to perform an existing duty. It has not attempted, even assuming that it could do so, to impose a marital duty in the city of New York where no marital duty exists elsewhere in the State.

The judgment should be reversed and the information dismissed.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment reversed, etc.