Alice A. Zimtbaum, Respondent, v. Mark Zimtbaum, Appellant.—Action by a wife to recover arrearages of payments by her husband under a written separation agreement executed in the State of North Carolina, where both parties resided. The answer alleged, as a separate defense, that the agreement had been annulled by a reconciliation of the parties three months after the execution of the agreement and by their living together and cohabiting as husband and wife continuously for a period of eight months, during which period no payments were made under said separation agreement. Another defense pleaded was the failure of a subsequent decree of divorce, obtained by plaintiff in the State of North Carolina, to make

any provision for the wife's property rights or to recite the said separation agreement or any of its provisions. Judgment in plaintiff's favor for the amount of said arrearages reversed on the law and the facts, without costs, and complaint dismissed. The implied finding that there was a valid existing separation agreement between the parties on which defendant became liable is reversed, and this court finds as facts established by the evidence: (1) That subsequently to the execution of the separation agreement the parties voluntarily resumed the marital relation and cohabited for a period of eight months; (2) that during said period of eight months no payments were made to plaintiff under said agreement, and (3) that the North Carolina decree of divorce contained no provision for the plaintiff's support. The resumption of the marital relation annulled the prior separation agreement, and for that reason, and because the decree of divorce contains no provision for the plaintiff's support, the plaintiff, under the laws of North Carolina, is not entitled to recover in this action. (*Smith* v. *King*, 107 N. C. 273; 12 S. E. 57, and *Archbell* v. *Archbell*, 158 N. C. 408; 74 S. E. 327.) In view of this decision, the appeal from the order of June 21, 1935, is dismissed. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.