Arthur G. Klein, J.
The plaintiff wife has brought this action for a separation. The defendant, in addition to general denials, has pleaded in his answer, as a separate and distinct defense, a valid, enforcible separation agreement between the parties.
*879 The parties were married in October, 1940. They later separated and the agreement set up in the answer is dated November 1,1955.
By stipulation of counsel there was tried before me only the limited issue of the alleged abandonment of the separation agreement, with the understanding that if it were found to be abandoned the separation action would then be tried.
The plaintiff offered her own testimony without any corroboration. At the conclusion of her testimony defendant moved for dismissal of the complaint on the ground that the plaintiff failed to establish an abandonment and nullification of the separation agreement.
I had suggested that defendant’s counsel call him to the witness stand so that his version of the matters testified to by his wife would be before the court. Plaintiff’s counsel objected, but both counsel agreed on the record that, if called, the defendant would deny categorically the statements made by the plaintiff.
It is well established that a valid existing separation agreement is a complete bar to the maintenance of an action for separation (Borax v. Borax, 3 A D 2d 404; Goldman v. Goldman, 282 N. Y. 296). It is likewise settled law that a separation agreement may be terminated upon resumption of the marriage relation (Zimtbaum v. Zimtbaum, 246 App. Div. 778, affd. 272 N. Y. 416). However, cohabitation between the parties of itself is insufficient to vitiate the separation agreement. A separation agreement is not terminated because the parties have engaged in sexual acts, unless the circumstances support the inference that a normal family life has been resumed. The proof must show that the cohabitation and reconciliation concurred with the intent to abandon the agreement (Hughes v. Cuming, 36 App. Div. 302, revd. on other grounds 165 N. Y. 91). In that case the court pointed out (p. 308): “The ‘ cohabitation ’ spoken of in the decision as destructive of the separation agreement means something more than mere sexual intercourse. * * * 1 To effect this end, the reconciliation must be permanent, and be followed by cohabitation. It must be a reconciliation which restores the former relations of the parties.'1 ”
Even if I credit plaintiff’s testimony that for a period of about two weeks prior to June 24,1956, the defendant lived with her in her apartment and this followed his statement that he was resuming the marital relationship, it is wholly insufficient to support a finding that it was his intention, or hers, to abandon the separation agreement. This is particularly so as he con- *880 tinned to send her regularly the amounts provided for under the terms of the separation agreement and she continued to accept such amounts. The plaintiff herself testified that during this two-week period, when she stated he was living with her again, she asked him when her check would be coming in and he replied it would be coming in in the usual course, in a day or so, which it did.
The case of Brody v. Brody (190 App. Div. 806) citing with approval the Hughes case (supra) states as follows (pp. 807-808): “Assuming for the argument that there was evidence • sufficient to sustain the findings that the plaintiff and the defendant did at Brighton Beach live together as husband and wife, the evidence is wholly insufficient to sustain the finding that they resumed the marriage relation with intent to abandon the agreement of separation. The evidence of the plaintiff is not supported as to any facts indicating such an intention, and in view of the denial of the defendant and the fact that no further resumption of the marriage relation is claimed, than is sworn to during the week ends of a few weeks at Brighton Beach, and in view of the fact that during those weeks and for a long time thereafter both parties accepted and acted upon the separation agreement plaintiff receiving the weekly amount therein stipulated, we are of the opinion that the judgment should be reversed and the complaint should be dismissed.” The application of the foregoing to the facts of the instant ease is readily apparent.
The remaining clearly sporadic acts of sexual intercourse with her husband, to which plaintiff testified, even if accepted as true, fall far short of indicating any intent to abandon the agreement.
It is undisputed that, up to the present, the defendant has been making the payments required by the agreement and that the plaintiff has been accepting such payments.
I accordingly find that the plaintiff has failed to prove an abandonment of the separation agreement. The existence of the agreement bars her action for a separation.
The defendant’s motion to dismiss the complaint is accordingly granted and judgment is awarded in favor of the defendant dismissing the complaint on the merits on the law and the facts. Submit on notice proposed findings of fact and conclusions of law in accordance with the foregoing.