JAMES F. DONIGAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 434–76. Filed July 28, 1977.

*Victor Chini,* for the petitioner.
*Louis Zeller,* for the respondent.

#### OPINION

DRENNEN, *Judge:* Respondent determined a deficiency of $1,158.16 in petitioner's income tax for the calendar year 1973. One adjustment giving rise to this deficiency has been

conceded by petitioner. The sole issue remaining to be decided is whether petitioner was entitled to determine his tax under section 1(c), I.R.C. 1954,[1] as an unmarried individual because he was separated from his wife pursuant to a written separation agreement.

This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference.

James F. Donigan resided in Syracuse, N.Y., when he filed the petition in this case. He filed an individual income tax return for the year 1973 with the North-Atlantic Service Center, Andover, Mass.

Petitioner and his wife Rita Donigan began living apart on April 11, 1964. In June 1964 they executed a written separation agreement. During 1973, the tax year in question, petitioner and his wife were still separated. Also, as of the end of 1973, neither petitioner nor Rita Donigan had filed an action in the courts to obtain judgment of separation, a judgment of divorce, or a judgment annulling a viodable marriage.

On petitioner's 1973 income tax return he claimed the filing status of a single individual. The eligibility of petitioner to file a return as an unmarried individual rather than as a married individual filing a separate return is the matter in dispute.

The applicable statutory provisions are sections 1(c) and 143. To qualify for the tax rates imposed under section 1(c) the principal requirement is that the taxpayer must not be "a married individual."[2] For the determination of marital status, section 1(c) incorporates the definition in section 143.[3]

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year at issue, unless otherwise specified.

[2] Sec. 1(c) provides:

UNMARRIED INDIVIDUALS (OTHER THAN SURVIVING SPOUSES AND HEADS OF HOUSEHOLDS).—There is hereby imposed on the taxable income of every individual (other than a surviving spouse as defined in section 2(a) or the head of a household as defined in section 2(b)) who is not a married individual (as defined in section 143) a tax determined in accordance with the following table: * * *

[3] SEC. 143. DETERMINATION OF MARITAL STATUS.

(a) GENERAL RULE.—For purposes of this part—

(1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during his taxable year such determination shall be made as of the time of such death; and

(2) An individual legally separated from his spouse under a decree of divorce or of

Under section 143(a)(2) an individual "legally separated from his spouse under a decree of divorce or of separate maintenance" shall not be considered as married. Conversely, section 1.143–1(a), Income Tax Regs., provides that "except as provided in paragraph (b) of this section [which corresponds to section 143(b) of the statute], an individual shall be considered as married even though living apart from his spouse unless legally separated under a decree of divorce or separate maintenance." This provision is illustrated by the following example:

Taxpayer A and his wife B both make their returns on a calendar year basis. In July 1954, they enter into a separation agreement and thereafter live apart, but no decree of divorce or separate maintenance is issued until March 1955. If A itemizes and claims his actual deductions on his return for the calendar year 1954, B may not elect the standard deduction on her return since B is considered as married to A (although permanently separated by agreement) on the last day of 1954. [Sec. 1.143–1(a), Income Tax Regs., example (1).]

The regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes," and "should not be overruled except for weighty reasons." *Commissioner v. South Texas Co.,* 333 U.S. 496, 501 (1948); *Bingler v. Johnson,* 394 U.S. 741, 752 (1969). The regulations are reasonable and consistent with sections 1(c) and 143(a)(2) in concluding that a mere separation agreement will not qualify a taxpayer as unmarried unless it is a separation under a decree of divorce or separate maintenance. Indeed, that is the logical inference of section 143(a)(2).

Since in 1973 petitioner was not separated under a decree of divorce or separate maintenance (this point is conceded by petitioner on brief) and no evidence or argument has been

separate maintenance shall not be considered as married.

(b) CERTAIN MARRIED INDIVIDUALS LIVING APART.—For purposes of this part, if—

(1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent (A) who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the individual, and (B) with respect to whom such individual is entitled to a deduction for the taxable year under section 151,

(2) such individual furnishes over half of the cost of maintaining such household during the taxable year, and

(3) during the entire taxable year such individual's spouse is not a member of such household,

such individual shall not be considered as married.

presented that he could be treated as unmarried under section 143(b), he must be considered as married even though living apart from his spouse.

Petitioner acknowledges that under the statute individuals separated only by a separation agreement are still considered married for determining their filing status. He argues nonetheless that under New York law his separation agreement was as binding as a separation under a decree of separate maintenance. On this basis, he contends the separation agreement should be treated as a court decree separation. As support for this contention, petitioner points to the change in the alimony provisions, secs. 71 and 215, from prior law. This change (as part of the enactment of the Internal Revenue Code of 1954) was described by the Senate Committee on Finance as follows:

> Present law taxes to a recipient and allows the payor a deduction for periodic alimony or separate maintenance payments if the payments are a legal obligation imposed by a court decree or by a written agreement incident to a decree.
>
> Attention has been called to the fact that the present treatment discriminates against husbands and wives who have separated although not under a court decree.
>
> For this reason both the House bill and your committee's bill extend the tax treatment described above to periodic payments made by a husband to his wife under a written separation agreement even though they are not separated under a court decree if they are living apart and have not filed a joint return for the taxable year. [S. Rept. 1622, 83d Cong., 2d Sess. 10 (1954).]

Since Congress changed the alimony provisions to end the discrimination against husbands and wives who separated, but not under court decree, petitioner asks this Court to end the similar distinction with respect to filing status.

Whether petitioner's premise that under New York law the effect of his separation agreement is the same as a court decree separation is subject to dispute. We recognize petitioner's point that a separation agreement under New York law prevents a judicial separation. *Borax v. Borax*, 4 N.Y.2d 113, 172 N.Y.S.2d 805 (1958). But it merely modifies the customary rights and duties of the spouses in the manner and to the extent provided in the agreements. *In re Brown's Will*, 153 Misc. 282, 274 N.Y.S. 924 (Westchester County Surr. Ct. 1934). If a husband and wife, after executing a separation

agreement, become reconciled and resume cohabitation the agreement is abrogated and all duties under the agreement terminate. *Zimtbaum v. Zimtbaum,* 246 App. Div. 778, 284 N.Y.S. 101 (2d Dept. 1935), affd. 272 N.Y. 416 (1936). A judicial separation, on the other hand, will be granted only upon the showing of certain statutory grounds. *Purvin v. Purvin,* 51 N.Y.S.2d 492 (Kings County Sup. Ct. 1944). The duties and responsibilities of the spouses are dictated by a court and are not subject to negotiation. See *People v. Jansen,* 264 N.Y. 364, 191 N.E. 17 (1934). And, unlike a written separation agreement, a judgment of separation is not abrogated by a reconciliation of the spouses. *Karron v. Karron,* 239 App. Div. 180, 267 N.Y.S. 340 (1st Dept. 1933).

Even if petitioner's separation agreement had the same effect as a judicial separation,[4] it was not entered into pursuant to a court decree of divorce or separate maintenance as required by the Internal Revenue Code, and this Court has no power to expand the explicit terminology of the statute. It took a statutory amendment to put a contractual separation agreement on an equal footing with a separation agreement pursuant to a court decree for alimony purposes, and it would require legislation to do the same for filing purposes. We must apply the law as written.[5]

We hold that petitioner was not entitled to determine his tax under section 1(c) since he was a married individual as of the close of 1973. As respondent determined, petitioner was

---

[4] The separation agreement executed by petitioner and his wife was all encompassing. It provided that each was entitled to live apart from the other without interference, for support payments to be made by petitioner to his wife until she died or remarried, settled all property rights existing as a result of the marriage, and provided for the custody and support of the two minor children. Obviously, it was intended to be a permanent separation.

[5] In accord are *Quinn v. Commissioner,* T.C.Memo. 1970–8, and *Kellner v. Commissioner,* T.C.Memo. 1971–103. Both cases dealth with marital status for taxpayers claiming head of household status, but the same reasoning applies for single filing status. See *Johnson v. Commissioner,* 50 T.C. 723 (1968). See also *Shippole v. Commissioner,* T.C.Memo. 1976–378 (husband whose wife had deserted him was still married for sec. 1(c) purposes).

required to use the tax rates applied to married individuals filing separate returns under section 1(d).

*Decision will be entered for the respondent.*