ERNEST JAMES LeCLAIR, JR. AND CLAIRE MARIE LeCLAIR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Le Clair v. Commissioner
Docket No. 12099-82.
United States Tax Court
T.C. Memo 1983-369; 1983 Tax Ct. Memo LEXIS 416; 46 T.C.M. (CCH) 554; T.C.M. (RIA) 83369; June 22, 1983. Ernest James LeClair, Jr., pro se. Mary Hamilton, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial JudgeJames M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 *418 and 181, Tax Court Rules of Practice and Procedure.[2]
OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 in the amount of $1,724.68. The issue is whether petitioners are subject to housing credit recapture provisions of section 44(d). FINDINGS OF FACT Some of the facts were stipulated and they are so found. Petitioners were residents of Hull, Massachusetts at the time their petition in this case was filed. They filed their 1978 Federal income tax return with the Service Center at Andover, Massachusetts. Petitioner Ernest J. Le Clair, Jr. was a captain in the United States Air Force in 1975. Petitioners purchased a new principal residence in Wichita Falls, Texas on June 4, 1975 and claimed an appropriate *419 credit under section 44(a) with respect to such purchase on their 1975 income tax return. Petitioner Ernest J. Le Clair, Jr. was separated involuntarily from the Air Force on May 31, 1976. Petitioner sold his Wichita Falls residence on September 3, 1976 and he subsequently acquired a home in Hull, Massachusetts which he occupied on February 2, 1977. The original use of the Hull residence did not originate with the petitioner. Under these facts respondent invoked the recapture provisions of section 44(d). OPINION Section 44(d)(1) provides for the recapture of a credit allowed under section 44(a) where the taxpayer disposes of the property within 36 months after the property was acquired and fails to acquire a "new principal residence" within a period of 18 months. Section 44(d)(2). However, the statute (section 44(d)(3)) provides that the recapture provisions do not apply to certain designated dispositions including a disposition of the old residence "if it is substantially or completely destroyed by a casualty described in section 165(c)(3) or compulsorily and involuntarily converted (within the meaning of section 1033(a))." Section 44(d)(3)(B). Petitioner argues that *420 he was compelled to sell his old residence due to his involuntary separation from the service and hence the disposition of the old residence qualifies as an involuntary conversion under the statute. We cannot agree. Section 1033(a), which defines the term "compulsorily and involuntarily converted" for purposes of section 44(d)(3)(B), provides for the nonrecognition (or partial nonrecognition) of gain where "property (as a result of its destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted" into property similar or related in use to the converted property or (under specified circumstances) into money or dissimilar property. The requisite involuntary or compulsory conversion of property is thus explicitly limited. Petitioner's disposition of the old residence, even though prompted by his involuntary separation from the service, is simply not equivalent to an "involuntary conversion" with the meaning of sections 44(d)(3) and 1033(a). [3] While we sympathize with petitioner we have no authority to expand the explicit and unambiguous terminology of the statute. See Donigan v. Commissioner,68 T.C. 632 (1977). *421 We must on the basis of this record sustain the respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based upon the authority of the "otherwise provided" language of that rule.
3. Cf. Babnew v. Commissioner,T.C. Memo. 1983-213; Johnson v. Commissioner,T.C. Memo. 1983-46; Callahan v. Commissioner,T.C. Memo. 1982-526↩.