PATRICIA J. WAGNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wagner v. Commissioner
Docket No. 17203-82.
United States Tax Court
T.C. Memo 1984-406; 1984 Tax Ct. Memo LEXIS 267; 48 T.C.M. (CCH) 732; T.C.M. (RIA) 84406; August 1, 1984. Patricia J. Wagner, pro se. Julia A. Caroff, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's *268 income tax for 1979 of $1,000. The sole issue for our determination is whether petitioner is subject to the recapture provisions of section 44(d)(1). [1]
FINDINGS OF FACT Some of the facts were stipulated and are so found. Petitioner resided in Mt. Pleasant, Michigan, when her petition was filed. On June 27, 1975, petitioner and her former husband purchased a new residence. They claimed a credit of $2,000 pursuant to section 44(a) with regard to the residence on their 1975 return. On January 10, 1978, pursuant to a Judgment of Divorce entered by the Circuit Court for Isabella County, Michigan, on October 4, 1977, the residence purchased in 1975 was sold. Neither petitioner nor her former husband retained the residence as a principal residence. Petitioner did not purchase a new principal residence within 18 months of the sale. OPINION Section 44(d)(1) requires recapture of the credit allowed by section 44(a) when the taxpayer disposes of the residence within 36 months after the residence was acquired and fails to acquire a new principal residence *269 within 18 months. However, section 44(d)(3)(B) provides that recapture is not required if the residence is disposed of pursuant to a compulsory and involuntary disposition within the meaning of section 1033(a). Petitioner contends the sale of the residence pursuant to the divorce decree qualifies as a disposition pursuant to a compulsory and involuntary conversion. We cannot agree. Section 1033(a) limits compulsory and involuntary conversions to conversions attributable to destruction, theft, seizure, or requisition or condemnation. The disposition of the residence does not fit any of these categories. While we sympathize with petitioner, we have no authority to expand the meaning of the statute. [2]
Petitioner also contends that, if recapture is required, it should occur in 1978 and should be prorated to take into account the 30 months in which she and her former husband owned the residence. Petitioner runs into the clear wording of the statute on both points. Section 44(d)(1) compels recapture in "the taxable year in which terminates the *270 [eighteen months] replacement period" of the "amount allowed as a credit * * *." [3] We must follow this unambiguous provision. See Donigan v. Commissioner,68 T.C. 632, 636 (1977). Unfortunately for petitioner and although the results may seem harsh, her positions are not supported by the statute. Therefore, Decision will be entered for the respondent.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩
2. See LeClair v. Commissioner,T.C. Memo. 1983-369; Roth v. Commissioner,T.C. Memo. 1977-17↩.
3. The recapture in this case is limited to $1,000 by section 1.44-4(a)(4), Income Tax Regs.↩