MARSHALL HERBERT AND VIRGINIA HELTON HICKEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herbert v. Commissioner
Docket No. 11615-84.
United States Tax Court
T.C. Memo 1986-186; 1986 Tax Ct. Memo LEXIS 421; 51 T.C.M. (CCH) 983; T.C.M. (RIA) 86186; May 6, 1986. Marshall Herbert Hickey, pro se. Nancy W. Hale, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181, and 182 of the Tax Court Rules of Practice *422 and Procedure.[1]
Respondent determined a deficiency in petitioners' Federal income tax for the year 1980 in the amount of $1,149.85. The sole issue for determination is whether petitioners are entitled to a residential energy credit for $1,149.85 under section 44C(a)(2). [2]
Some of the facts have been stipulated and are found accordingly. Petitioners resided in Knoxville, Tennessee at the time they filed their petition. During 1980, petitioners installed a self-designed hearing and cooling system in their residence. The system utilized water from the nearby Melton Hill Reservoir at temperatures between 43 degrees Fahrenheit (approximately 6 degrees Celsius) and 73 degrees Fahrenheit (approximately 23 degrees Celsius) for heating and cooling the petitioners' home. On their joint 1980 Federal income tax *423 return, petitioners claimed an energy credit in the amount of $1,149.85. Respondent, in his notice of deficiency, disallowed the claimed credit on the ground that the ground water heat pump (system) did not meet the requisite definition of "renewable energy source property" pursuant to section 44C. Section 44C allows a credit to individual taxpayers for qualified energy source expenditures made with respect to renewable energy source property. Section 44C(a)(2). Renewable energy source property includes property which transmits or uses energy derived from geothermal deposits. Section 44C(c)(5)(A)(i). Under section 44C(c)(6)(A)(i), the Secretary is empowered to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. Pursuant to this authority, regulations were promulgated (sec. 1.44C-2(h), Income Tax Regs.) which defined "geothermal energy property" to include: equipment * * * necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling * * *. A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is *424 stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead * * * [Emphasis added.] The parties have stipulated that the petitioners' heating and cooling equipment utilized ground water at temperatures between 6 degrees Celsius and 23 degrees Celsius for heating and cooling the petitioners' home. It is evident therefore that the system does not qualify as geothermal property under the regulations. The fact that the system may be energy efficient is, by itself, irrelevant to a determination of whether such property qualifies for the residential energy credit under section 44C(a)(2). See Reddy v. Commissioner,T.C. Memo 1984-395, affd. per order (4th Cir. Aug. 29, 1985). Petitioner argues that the regulations do not reflect the intention of Congress. However, similar arguments have been previously considered and rejected by this Court. Peach v. Commissioner,84 T.C. 1312 (1985), on appeal (4th Cir., Sept. 13, 1985). Congress indicated what it meant by geothermal energy in the Committee Report that accompanied the passage of the Energy Tax *425 Act of 1978 (92 Stat. 3174). The Senate Report defines geothermal equipment as equipment necessary to distribute or use geothermal steam and associated geothermal resources (as defined in section 2(c) of the Geothermal Steam Act of 1970; 30 U.S.C. sec. 1001(c) (1982)). As stated therein, geothermal reservoirs consist of natural heat stored in rocks or an aqueous liquid or vapor (whether or not under pressure), including hot brine, dry heat, and hot water. S. Report No. 95-529 (1977), 1978-3 C.B. (Vol. 2) 199, 232. It appears, thereford, that the regulations do reflect the intent of Congress in enacting section 44C. We have no authority to go beyond the explicit terminology of the statute. See Donigan v. Commissioner,68 T.C. 632, 636 (1977). We must conclude on this record that petitioners are not entitled to a residential energy credit under section 44C(a)(2) in the year 1980. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 44C was redesignated as section 23 by section 471(c) of the Deficit Reduction Act of 1984, 98 Stat. 826, effective for taxable years beginning after December 31, 1983.↩