ILDEGE J. DOIRON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doiron v. Commissioner
Docket No. 1664-87.
United States Tax Court
T.C. Memo 1989-156; 1989 Tax Ct. Memo LEXIS 156; 57 T.C.M. (CCH) 60; T.C.M. (RIA) 89156; April 10, 1989; As amended April 11, 1989 *156 Held: Allegations deemed admitted under Rule 90(c), Tax Court Rules of Practice and Procedure, were sufficient to sustain respondent's deficiency determination and his claim for an increased deficiency. Held further: Respondent's motion for summary judgment is granted. Ildege J. Doiron, pro se. Diane L. Worland and Daniel A. Guy, Jr. for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special *157 Trial Judge: This matter came before the Court on respondent's motion for summary judgement filed January 23, 1989. [1]
Respondent's notice of deficiency, dated December 5, 1986, determined a deficiency for the taxable year 1984 in the amount of $ 518. In his notice of deficiency respondent determined that petitioner was not entitled to a claimed dependency exemption and further that petitioner was not entitled to head-of-household filing status. As a result of the latter adjustment, respondent computed the deficiency based on single filing status. A timely petition was filed on January 20, 1987. At the time of filing the petition herein, petitioner resided at Westville, Indiana. By order dated June 1, 1988, the Court permitted respondent's first amendment to answer to be filed. In his answer, respondent alleged that the proper deficiency for the taxable year 1984 is $ 1,376. Respondent alleged that petitioner was married at *158 the end of the taxable year 1984 and, accordingly, petitioner's tax should have been computed based upon a status of married, filing separately, rather than based on a status of single as allowed by respondent in his notice of deficiency. On October 14, 1988, respondent served on petitioner, by mail, Respondent's Request for Admissions. An original of the request for admissions was filed with the Court on October 17, 1988. No response was received from petitioner with respect to the request for admissions. On January 23, 1989, respondent's Motion for Summary Judgment was filed. According to the certificate of service, a copy of respondent's motion was served on petitioner by mail on January 19, 1989. By notice dated January 26, 1989, petitioner was advised of the filing of respondent's motion and, further, that a hearing was scheduled on February 22, 1989, at 10:00 a.m. in Washington, D.C. The notice further advised petitioner of the provisions of Rule 50(c). When this matter was called for hearing at the motions session of the Court, no appearance was made by or on behalf of petitioner nor was a Rule 50(c) statement received. Rule 121 provides that a party may move for *159 summary judgment upon all or part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. Naftel v. Commissioner,85 T.C. 527, 529 (1985); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Respondent has conceded the dependency exemption issue; thus the only matter before us is whether petitioner was required to file his return as married filing separately as claimed by respondent in his amendment to answer. In his request for admissions, respondent alleged that petitioner was married on December 31, 1984, and that he was not legally separated from his spouse under a decree of divorce or a separate maintenance agreement. Respondent further attached documents to his request for admissions reflecting that a divorce was granted to petitioner in September 1985. *160 Since petitioner failed to respond to respondent's request for admissions, the facts contained therein are deemed admitted. Rule 90(c); Marshall v. Commissioner,85 T.C. 267 (1985). The burden of proof is on respondent with respect to the allegations in his amendment to answer. Rule 142(a). With respect to respondent's claim, we find that the facts deemed admitted under Rule 90(c) are sufficient to satisfy respondent's burden of proving that petitioner was married during the taxable year 1984 and thus not entitled to single-filing status. Sec. 143; [2]Donigan v. Commissioner,68 T.C. 632 (1977). Based upon respondent's concession and the deemed admissions, we find that respondent has satisfied his burden of proving that no genuine issue of material fact exists and that respondent is entitled to a decision as a matter of law. Respondent has provided a computation reflecting his concession of the claimed dependency exemption and accordingly, the proper deficiency for the taxable year 1984 is $ 1,046. Based on the foregoing, respondent's *161 motion for summary judgment will be granted. To reflect the foregoing, An order and decision will be entered granting respondent's motion and determining a deficiency in accordance with respondent's computation.
Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Pub. L. 99-514, 100 Stat. 2657, recodified the substance of former sec. 143 in new Code sec. 7703.↩