EDWARD J. AND LEONA DZIOBA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dzioba v. Commissioner
Docket No. 40898-86.
United States Tax Court
T.C. Memo 1989-203; 1989 Tax Ct. Memo LEXIS 203; 57 T.C.M. (CCH) 283; T.C.M. (RIA) 89203; April 27, 1989. Edward J. Dzioba, pro se. James M. Klein, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to section 7443A(b) [1] and Rules 180, 181, and 182. [2]
Respondent determined a deficiency in petitioners' joint Federal income tax in the amount of $ 362 for 1983. After a concession, [3] the issue for decision is whether Edward J. Dzioba (hereafter "petitioner") is entitled to exclude from income amounts received as disability pension payments during 1983. Some of the facts have been stipulated and are so *205 found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided at South Milwaukee, Wisconsin, when they filed their petition. Prior to 1983 Barry Trucking employed petitioner as a truck driver. During March of 1983, petitioner sustained an injury to his back which rendered him totally and permanently disabled with respect to his occupation. At the time of his injury, petitioner was 55 years old. During 1983 petitioner applied for and received disability pension approval from the Milwaukee Driver's Pension Fund (hereafter "Fund"). During 1983 petitioner received $ 1,650 from the Fund, which amount was not included in petitioner's reported gross income. Respondent contends that petitioner must include in gross income amounts received as disability pension payments pursuant to section 105(a). Respondent argues that section 105(a) applies because the amounts received by petitioner were amounts attributable to contributions by the employer which were not included in petitioner's gross income. Sec. 105(a)(1). Section 105 governs amounts received under accident and health plans. Section 105(a) provided: (a) Amounts Attributable *206 To Employer Contributions. -- Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. Petitioner, however, contends that he did make contributions to the plan and presented as his proof thereof a letter signed by Shirley Skarr, administrative secretary of the Milwaukee Driver's Pension Fund. Her letter delineated when a plan participant became eligible to retire on a disability pension. These requirements are that the participant (1) is totally and permanently disabled, (2) has at least 10 pension credits, (3) has had 10 weeks of contributions based on service in covered employment in the period which consists of the calendar year in which the total and permanent disability commenced and the previous calendar year, and (4) has either: (a) an effective contribution rate of $ 9 or more, or (b) attained age 50 on or prior to the date disability commenced. Petitioner argued that this *207 letter proved his contributions equaled at least $ 9 per paycheck. However, since the fourth condition is disjunctive, petitioner could have contributed money or petitioner could have reached age 50 before his disability commenced. Since petitioner was 55 at the time of his injury, he had attained age 50 prior to the date his disability commenced. Thus, the letter does not serve to prove that petitioner contributed to the Fund. Petitioner presented no other evidence in regard to any contributions he might have made to the Fund. In fact, he admitted that he had no information as to whether any of his monthly dues payment to the Teamsters Union went into the Fund. Further, petitioner did not present any informational pamphlets concerning the Fund or a copy of the Fund agreement itself to prove that he contributed money to it nor did he present payroll stubs. We left the record open for 30 days so that petitioner could supply us with more information concerning this Fund but he did not do so. Petitioner bears the burden of proving that respondent's determination was incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). He failed to sustain this burden *208 in regard to his allegation that he made contributions to the Fund. Petitioner also relies upon the provisions of section 105(d) [4] which served to exclude certain disability payments during the taxable year in issue from gross income. Sec. 105(d); sec. 1.105-1(a), Income Tax Regs. Specifically, section 105(d)(1) provided: (d) Certain Disability Payments. -- (1) In General. -- In the case of a taxpayer who -- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. There is no question that petitioner was absent from work on account of permanent and total disability. However, section 105(d)(3) limited the general exclusion from income rule of section 105(d)(1) where petitioners' adjusted gross income exceeds $ 15,000: (3) Phaseout Over $ 15,000. -- If the adjusted *209 gross income of the taxpayer for the taxable year (determined without regard to this subsection and section 221) exceeds $ 15,000, the amount which but for this paragraph would be excluded under this subsection for the taxable year shall be reduced by an amount equal to the excess of the adjusted gross income (as so determined) over $ 15,000. In the instance of a married taxpayer, such as petitioner, sec. 105(d)(5) requires the filing of a joint return and goes on to require that the $ 15,000 phaseout figure be determined by the combined adjusted gross income of husband and wife. Sec. 105(d)(5)(A) and (B)(ii). Petitioners filed a joint return. [5] However, their combined adjusted gross income equaled $ 23,484.96. Thus, petitioners are not entitled to exclude the $ 1,650 received as a disability pension payment during 1983. Sec. 105(d)(3). Although we are sympathetic to petitioner's lack of knowledge with regard to the income tax laws which are applicable to him, we are bound to follow the statutes as enacted by Congress. Donigan v. Commissioner,68 T.C. 632, 636 (1977). In this case, the statutory provisions clearly do not allow petitioners the exclusion. *210 Accordingly, respondent's determination is upheld. Decision will be entered for the respondent.
Footnotes
1. Petitioners requested that this case be heard as a small tax case under the provisions of section 7463, but prior to commencement of trial they moved that small tax case designation be removed. We granted the motion. ↩
2. Section references are to the Internal Revenue Code of 1954, as amended, and in effect during the tax year at issue unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioners concede they failed to report interest income in the amount of $ 31.↩
4. Congress repealed sec. 105(d) for tax years beginning after 1983.↩
5. At trial petitioner argued that the exclusion would apply if he had timely filed an amended return as married filing separately. However, sec. 105(d)(5) required a married couple to file a joint return if any exclusion was allowable.↩