EDWARD CHARLES FERRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferris v. Commissioner
Docket No. 19829-88
United States Tax Court
T.C. Memo 1989-633; 1989 Tax Ct. Memo LEXIS 633; 58 T.C.M. (CCH) 774; T.C.M. (RIA) 89633; November 27, 1989
Edward Charles Ferris, pro se. Monica Koch, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rule 180 et seq. [1]
*634 Respondent determined a deficiency in petitioner's Federal income tax for the year 1985 in the amount of $ 404. The sole issue is whether petitioner is entitled to exclude certain payments from income as a scholarship or fellowship pursuant to section 117. Some of the facts were stipulated and are so found. Petitioner resided in Brooklyn, New York at the time the petition herein was filed. During the year in question, petitioner was a student at Columbia University in New York City. To supplement his income and meet his daily living expenses, petitioner participated in a work-study program through which he received payment in 1985 in the amount of $ 1,890 from the Trustees of Columbia University. He earned this amount by providing services to the Better Business Bureau, a non-profit agency. Petitioner worked approximately 20 hours per week at the Better Business Bureau during the fall school semester. Respondent determined that the payments to petitioner in the amount of $ 1,890 were taxable income. Petitioner bears the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Section 117(a) excludes from gross income amounts received as *635 a scholarship or fellowship grant. However, section 117(b)(1), as applicable during the period involved, provides that the exclusion does not apply to payments received in exchange for services which are required as a condition to receiving the funds. The terms "scholarship" and "fellowship grant" are defined generally in respondent's regulations. See section 1.117-3, Income Tax Regs. In Bingler v. Johnson, 394 U.S. 741, 751 (1969), the Supreme Court approved the definitions contained in these regulations by stating that they are prima facie proper, comporting as they do with the ordinary understanding of "scholarships" and "fellowships" as relatively disinterested "no-strings" educational grants, with no requirement of any substantial quid pro quo from the recipients. See also section 1.117-4(c), Income Tax Regs.
In the present case, the facts are not in dispute. Petitioner does not deny that he received money in return for his services, or that his services were required as a precondition to receiving the work-study funds. His only argument questions the fairness of taxing those funds which were part of a financial aid package designed to meet his *636 living expenses. However, the fact that petitioner received the payments as part of a financial aid package designed to enable him to continue his studies is not dispositive of the issue. Zolnay v. Commissioner, 49 T.C. 389, 396 (1968). We recognize the hardships endured by students who, without financial resources, must struggle to pay ever increasing tuition on top of ordinary living expenses. Nonetheless, we must apply the law as it is written. See Donigan v. Commissioner, 68 T.C. 632, 636 (1977). Accordingly, we conclude on the basis of this record that the payments received by petitioner do not qualify as an excludible scholarship or fellowship under section 117. Respondent's determination must therefore be sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩