DIANE F. BAILEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 17779-92
United States Tax Court
T.C. Memo 1994-391; 1994 Tax Ct. Memo LEXIS 400; 68 T.C.M. (CCH) 399; 94-2 U.S. Tax Cas. (CCH) P47,953; August 17, 1994, Filed *400 Decision will be entered for respondent. Diane F. Bailey, pro se. For respondent: James R. Rich. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,666 in petitioner's Federal income tax for 1989. The sole issue for decision is whether payments received by petitioner in 1989 from the Kings Mountain District School, Kings Mountain, North Carolina, and from the Disability Income Plan of North Carolina are includable as gross income on her 1989 Federal income tax return. [2]
*401 Some of the facts have been stipulated and are so found. Petitioner resided in Gastonia, North Carolina, when her petition was filed. Petitioner was a teacher employed in the North Carolina public school system. During her employment, petitioner was a contributing member of the North Carolina Retirement System. Six percent of petitioner's gross pay was deducted from her monthly paychecks as a contribution to the retirement system. As a teacher in North Carolina and a member of the retirement system, petitioner was eligible to be a participant in the Disability Income Plan of North Carolina. N.C. Gen. Stat. sec. 135-103(a)(1) (1992). In 1988, petitioner was diagnosed as having malignant metastatic melanoma. She had two surgeries related to that diagnosis in March of 1988. As a result of those surgeries and the cancer, petitioner became permanently and totally disabled for the performance of her usual occupation and also suffered permanent disfigurement on one side of her neck and face. Petitioner did not teach in the North Carolina school system during 1989. She received short-term disability benefits in the amount of $ 12,447.63 from January until August of 1989. These *402 benefits were paid directly by the Kings Mountain District School, were classified as payments pursuant to a pension plan, and were reported in Box 10, "wages, tips, and other compensation", on petitioner's 1989 Form W-2, which also indicated that Federal income tax and Social Security tax had been withheld. In addition, petitioner received disability benefits in the amount of $ 5,927.36 for the period of August 10 to December 31, 1989. These disability benefits were paid by the Disability Income Plan of North Carolina and reported in Box 10 on petitioner's Form W-2, and were subjected to Federal income tax withholding. Petitioner did not report the amount received from the Disability Income Plan of North Carolina as income on her 1989 Federal income tax return, as initially filed. Instead, petitioner submitted with her tax return a copy of her Form W-2 for this income with "Disability income -- not taxable" written across the face of the form. Petitioner filed an amended 1989 Federal income tax return in which she omitted from gross income both the disability benefits received from the Disability Income Plan of North Carolina and the payments received from Kings Mountain District *403 School. Petitioner contends that those amounts are excludable from her gross income because the amounts received were not attributable to employer contributions. Respondent determined that the amounts which petitioner received must be included in petitioner's 1989 gross income because: (1) the Disability Income Plan of North Carolina was funded solely by employer contributions; and (2) the amounts which petitioner received were not computed with reference to the nature of petitioner's injury. Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The amounts which petitioner received in 1989 from the Kings Mountain District School were short-term disability payments and not, as respondent asserts, payments for services performed. Petitioner did not teach for the school district during 1989. Accordingly, the amounts received from both the Kings Mountain District School and the Disability Income Plan were payments received due to petitioner's permanent disability. In general, amounts received by an employee *404 through a sickness and disability fund for employees maintained under the law of a State shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer that were not includable in the gross income of the employee, or (2) are paid by the employer. Sec. 105(a),(e). Petitioner contends that section 105(a) does not apply to her receipt of benefits because the amounts received were not attributable to contributions by the Kings Mountain District School that were not includable in her gross income. Under the circumstances here and the applicable statutes, we are required to disagree. Petitioner contributed to the North Carolina Retirement System through monthly withholdings from her paycheck. While it is true that in order to be eligible to participate in the Disability Income Plan of North Carolina, petitioner had to be a contributing member of the retirement system, N.C. Gen. Stat. secs. 135-8, 135-103 (1992), it does not necessarily follow that petitioner's contributions to the retirement system are considered contributions to the Disability Income Plan. Section 135-110(c), N.C. Gen. Stat. (1992), provides that the employer makes *405 monthly contributions to the Disability Income Plan and that such contributions are "paid by the employer from the same source of funds from which the compensation of teachers and employees are paid". The Disability Income Plan of North Carolina is, therefore, not funded by employee contributions, but is, instead, fully funded solely by the employers. The entire amount of benefits which petitioner received during 1989 was attributable to contributions by the Kings Mountain District School which were not includable in the gross income of petitioner. Accordingly, the general rule of section 105(a) requires that the benefits received by petitioner must be included in petitioner's gross income, unless an exception to the general rule of section 105(a) applies. Subsection (c) of section 105 provides an exception to the general rule of inclusion in gross income in the case of certain disability payments. Amounts received are not included in gross income to the extent such amounts: (1) Constitute payment for the permanent loss or loss of use of a function of the body or the permanent disfigurement of the taxpayer; and (2) are computed with reference to the nature of the injury without *406 regard to the period the employee is absent from work. Sec. 105(c). Respondent concedes that petitioner meets the first requirement of section 105(c); petitioner received payments for her permanent disability. Respondent, however, asserts that the payments which petitioner received from the Disability Income Plan of North Carolina were not computed with reference to the nature of the injury, so that the disability payments must be included in petitioner's gross income for 1989. The benefits which petitioner received from both the Kings Mountain District School and the Disability Income Plan of North Carolina were based entirely upon the salary which petitioner had received immediately prior to her disability. The Disability Income Plan of North Carolina provides that disability payments are based upon a specified percentage of the participant's final compensation. N.C. Gen. Stat. secs. 135-105(c), 135-106(b) (1992). Benefit payments are increased for certain cost-of-living increases and are decreased by primary Social Security disability benefits and monthly Workers' Compensation payments. Id. The disability payments are also reduced in cases where the employee has a specified *407 level of earnings. Id. Nothing in the record indicates that the amount of disability benefits which petitioner received in 1989 was computed with reference to the nature or severity of her injury, without regard to the period she was absent from work. For disability payments to be excludable from gross income under section 105(c)(2), the benefits must be paid under a plan that varies benefits according to the severity of the injury. Rosen v. United States, 829 F.2d 506, 509 (4th Cir. 1987); Beisler v. Commissioner, 814 F.2d 1304, 1307 (9th Cir. 1987). We must look to the underlying contract and not the actual disability suffered in determining whether payments are excludable under section 105(c). Rosen v. United States, supra.In this case, the Disability Income Plan of North Carolina did not specifically allocate the amount paid according to the nature of the injury, loss, or disfigurement suffered. The amount of the payments which petitioner received during the year in issue was determined by the amount of her salary prior to her disability, plus or minus statutory adjustments, *408 and the period of her absence from work, but not the nature or extent of her injuries. Accordingly, the payments which petitioner received are not excludable from gross income under section 105(c). Petitioner must include those amounts in gross income for 1989. Secs. 61, 105(a). While we sympathize with petitioner's situation, we are bound to follow the controlling statutes as written. See, e.g., Donigan v. Commissioner, 68 T.C. 632, 636 (1977). In this case, the statutory provisions of sections 61 and 105 clearly require petitioner to include the disability payments which she received during 1989 in income for Federal income tax purposes. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent determined that petitioner received $ 28 in taxable dividends in 1989 which petitioner did not report on her 1989 Federal income tax return. Petitioner does not contest inclusion of that amount in her 1989 gross income.↩