T.C. Summary Opinion 2001-28


UNITED STATES TAX COURT


ROGER G. AND LILIANNE J. G. MAKI, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14016-99S.                    Filed March 9, 2001.


Roger G. and Lilianne J. G. Maki, pro sese.

<u>Anne S. Daugharty</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1997 Federal income tax in the amount of $2,487. After concessions,[1] the sole issue for decision is whether petitioners are entitled to an overpayment of their 1997 tax liability.

Some of the facts were stipulated and are so found. The stipulation of facts and exhibits submitted at trial are incorporated herein. Petitioners resided in Des Moines, Washington, at the time their petition was filed. References to petitioner in the singular are to Roger G. Maki.

Petitioner received Form SSA-1099 reporting $7,485.60 in Social Security benefits in 1997. Petitioners reported $6,362, or 85 percent of the Social Security benefits, on their 1997 Federal income tax return. Petitioners timely filed their Federal income tax return for 1997.

In the notice of deficiency, respondent determined that petitioners failed to report $6,362 taxable Social Security benefits, $2,494 capital gain dividends, and $366 taxable dividends. At trial, respondent accepted petitioners' 1997 Federal income tax return as filed.[2] Nevertheless, petitioners now contend that the Social Security disability income is non-taxable because "the bill has never passed that says that Social Security" is taxable. On that basis, petitioners believe they

_____

[1]     Petitioners concede unreported capital gain of $1,378.

[2]     Upon further review, respondent determined that all items on the notice of deficiency, with the exception of $1,378 of unreported capital gains, were reported on petitioners' return, although on the wrong lines of the return.

are entitled to a refund for the overpayment of tax.  Respondent contends that the law is clear and petitioners' Social Security income was correctly reported on their 1997 income tax return as taxable income under section 86(a).  We agree with respondent.

Under the provisions of section 86, Social Security disability benefits received after 1984 are subject to tax.  Section 86 was duly enacted by Congress in the Social Security Act Amendments of 1983, Pub. L. 98-21, sec. 121(a), 97 Stat. 65, 80.  Thus, we are bound to follow the statutes as enacted by Congress.  See Donigan v. Commissioner, 68 T.C. 632, 633 (1977); Bailey v. Commissioner, T.C. Memo. 1994-391.

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived.  Further, section 86(a) provides that if the modified adjusted gross income of the taxpayer plus one-half of the Social Security benefits received exceeds the adjusted base amount, then gross income includes the lesser of: (1) The sum of (a) 85 percent of such excess, plus (b) the lesser of (i) one-half of the Social Security benefits received during the year or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer; or (2) 85 percent of the Social Security benefits received during the taxable year.  See sec. 86(a)(2).  The base amount and the adjusted base amount for taxpayers filing a joint return for 1997 is $32,000 and $44,000, respectively.  See sec. 86(c)(1)(B) and (2)(B).  Petitioner's

modified adjusted gross income equals adjusted gross income less

Social Security benefits.  See sec. 86(b)(2).

Petitioners reported the following income on their 1997

Federal income tax return:

| | |
|---|---:|
| Wages | $64,347 |
| Taxable interest | 2,765 |
| Dividends | 584 |
| Capital gain | 256 |
| Total pensions and annuities[3] | 6,362 |
| Rental real estate, etc. | 58 |
| Total | $74,372 |

For 1997, petitioners' modified adjusted gross income was

$68,010.[4]  Because petitioners' modified adjusted gross income is

more than the adjusted base amount of section 86(c)(2)(B), we

hold that petitioner's Social Security income is taxable, subject

to section 86(a)(2).  Respondent's determination is sustained,

and petitioners are not entitled to an overpayment for 1997.  Due

to the concessions made by the parties, the decision will be

entered under Rule 155.

We note that petitioners have previously litigated this

issue with respect to their 1991 taxable year, and we decided the

issue for respondent.  See Maki v. Commissioner, T.C. Memo. 1996-

209. The Court has considered imposing sanctions on petitioners

under section 6673(a)(2) but declines to do so at this time.

---

[3]    Petitioners mistakenly reported Social Security benefits on
line 16b rather than line 20a.

[4]    $74,372 (adjusted gross income) less $6,362 (Social Security
benefits) = $68,010.

With this in mind, we strongly urge petitioners to reconsider litigating this issue further.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.